MICHAEL PRONDZINSKI *vs.* JAMES GARBUTT.

Opinion filed April 26, 1900.

**Judgment—Irregular Entry—Findings of Fact and Conclusions of Law — Vacation of Judgment.**

> This action was brought for equitable relief, and, an issue of fact being joined, was tried to the court. Evidence was offered by both parties, and the trial court directed the entry of judgment dismissing the action with costs, and for other relief, whereupon, on January 30, 1899, judgment was entered upon said order. No findings of fact or law were ever made or filed by the trial court, nor were findings ever waived. On the 13th day of November, 1899, plaintiff moved in the District Court for an order setting aside such judgment, said motion being made upon various grounds, including the fact that no findings were ever made or waived in the action. Said motion was granted, and an order was made vacating the judgment, from which order defendant appeals to this court. The order. will be affirmed. The judgment was irregularly entered, and the order directing its entry in the absence of findings or a waiver thereof was made without authority of law.

**Entry of Second Judgment—Dismissal Without Prejudice—Innocuous Surplusage.**

> Subsequently, and on the same day said judgment was vacated, the trial court made and filed its findings of fact and law in the action, and upon motion of plaintiff's counsel the trial court directed the entry of a judgment dismissing the action at plaintiff's cost, and judgment upon such order was forthwith entered. The order and judgment both carefully stated the grounds and reasons upon which the court based its adjudication, and then provided as follows: "The court orders that the action be dismissed, but without prejudice to the rights of the plaintiff to litigate in a proper action the other questions in this case, which said questions have not been litigated and decided in this case." Defendant appeals from said judgment, and claims that the same was entered without authority of law for reasons appearing in the opinion. *Held*, upon grounds stated in the opinion, that the last judgment is in all respects regular except that the language embodied in the order and judgment which is above quoted should not have been used, and that such language is purely obiter, and surplusage. It was proper to state the grounds and reasons upon which the court acted in deciding the case, but to what extent the adjudication made in this case may or may not prejudice the plaintiff in prosecuting some other action pending or to be brought between the parties is a different matter, and one wholly foreign to any matter at issue in this action. This language, so far as it assumes to deal with questions not before the court, is therefore improper, and, the same is disapproved. But, inasmuch as no motion was made in the trial court to eliminate the language quoted from the judgment, this court will allow the same to stand in the record as innocuous surplusage.

**Appeal from Order and from Judgment by One Notice Improper.**

> Certain matters of practice are considered in the opinion, no formal decision being made thereon.

Appeal from District Court, Walsh County, *Sauter*, J.

Action by Michael Prondzinski against James Garbutt. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Templeton & Rex* and *De Puy & De Puy*, for appellant.

*Cochrane & Corliss* and *Fraine & Douglass*, for respondent.

WALLIN, J. The facts embraced in this record, which are, in our judgment, controlling of the case, may be summarized as follows: The action is brought to obtain relief in equity, and, an issue of fact being joined in the action upon the complaint and answer, the case came on for trial in the District Court in June, 1895. At the trial both sides introduced testimony, whereupon the plaintiff's counsel, being convinced from the evidence that plaintiff could not, in any event, prevail in the action without bringing in an additional party, without resting the case requested the trial court to enter an order bringing in an additional party. This request was never directly acted upon by the trial court, and no action of any kind appears to have been taken in the case whatever until the following year. On July 20, 1896, the court, without making findings, entered an order for judgment in the action, whereby the court determined as follows: "That the complaint herein be dismissed, and that the *lis pendens* filed herein be discharged, and that the defendant recover his costs and disbursements in this action taxed and allowed at the sum of twenty-six dollars and fifty cents." So far as it appears in this record, no further steps were taken in the action until the 30th day of January, A. D. 1899, at which date judgment was formally entered by the District Court pursuant to the terms of said order as above set out. No mention is made in said order or said judgment of the question of *res judicata* or prejudice to another action, nor does the order or judgment in terms declare whether the judgment was or was not entered after a submission of the case, or as a result of a voluntary dismissal of the action by the plaintiff. It does appear, however, that no findings of fact or law were ever made or filed by the trial court prior to the entry of said judgment; and further appears that findings were never waived in any manner. Subsequently, and upon November 13, 1899, the District Court entered an order setting aside and vacating the judgment entered January 30, 1899, as aforesaid; said order being signed by the Honorable O. E. Sauter, who presided when the case was brought on for trial, and who signed the order for judgment. The order vacating said judgment embraced the following language: "Now, on the affidavit of Guy C. H. Corliss and the oral testimony of W. R. De Puy, and also the affidavit of James Garbutt, W. R. De Puy, and Charles F. Templeton, and upon the

evidence heretofore taken in this case, and it appearing to the satisfaction of the court, and the court of its own knowlege being cognizant of the fact, that this action was never finally submitted to the court for a decision, and that no findings of fact or conclusions of law were ever made by the court herein; that such findings and conclusions have never been waived herein: It is ordered that said judgment heretofore entered herein on the 30th day of January, 1899, and the said order for judgment herein, be, and the same are hereby, in all things set aside and annulled. Dated November 13, 1899." An examination of the affidavits and proofs upon which said vacating order of November 13th was made discloses the fact that upon the hearing of the application to vacate the judgment the court was required to determine certain questions of fact, which questions were, briefly, whether the plaintiff's counsel ever, formally or otherwise, submitted the case on plaintiff's behalf for its decision, or whether the trial court intended to allow the case to be dismissed without prejudice; also whether findings had ever been made or waived in any manner in the action. These questions are all raised here, except that it is now undisputed that findings in the action were never made or waived prior to the entry of said judgment on January 30, 1899. In our opinion, the concession that no findings were made, and that findings were not in any manner waived, is alone decisive upon all questions involved in the appeal from the order of November 13, 1899, vacating the judgment. The absence of findings, when not cured by a waiver, both facts appearing of record affirmatively, is a plain violation of mandatory provisions of the statute, and is in itself an irregularity in the entry of the judgment which fully justified the trial court in setting aside the judgment. The irregularity was one which could be attacked by motion in the court which entered the judgment. See *Garr, Scott & Co.* v. *Spaulding,* 2 N. D. 414, 420, 51 N. W. Rep. 867. We therefore hold that the order of the District Court vacating the judgment of January 30, 1899, was properly made, and hence must be affirmed.

We now turn to another feature of the record. It appears that the trial court, after vacating its judgment, as already stated, and on the same day its vacating order was signed, made and filed its findings of fact and law in the action, and directed the entry of a judgment thereon. Said order, omitting its title, is as follows: "The issues in this action having come on for trial before the court, and evidence having been offered and received on the part of the plaintiff and defendant, and the plaintiff having asked leave of the court to bring in as a party defendant one Joseph Garbutt, to whom it appeared from the undisputed evidence in the case the defendant had transferred the real estate involved in this action before the commencement thereof, and no decision of said application having ever been made, and the parties to said cause having failed to pro-

ceed further with the matter, the court makes the following findings of fact in this case, to-wit: That the defendant, James Garbutt, had, prior to the commencement of this action, transferred the real estate described in the complaint herein to one Joseph Garbutt by a deed of conveyance. And the defendant having offered evidence of no other defense in the case, and the said fact of said conveyance not being disturbed, the court finds as a conclusion of law that the present action to obtain from the defendant, James Garbutt, a quitclaim deed of the property in question cannot be maintained, for the reason that the said defendant, James Garbutt, has no title to said land to convey; and upon this ground, and this ground only, the court orders that this action be dismissed, but without prejudice to the rights of the plaintiff to litigate in a proper action the other questions in this case, which said questions have not been litigated and decided in this case. It is ordered that judgment be entered by the clerk of this court in accordance with this decision." Upon these findings and order for judgment a judgment was formally entered by the District Court, which, so far as material, is couched in the following language: "It is adjudged that this action be dismissed on the sole ground that the defendant had, previous to the commencement thereof, transferred the real estate in question to another person, and therefore could not be compelled to give to the plaintiff a quitclaim deed thereon. And it is further adjudged that the dismissal of this action shall be without prejudice to the rights of the plaintiff to litigate in a proper action all the other questions involved in this cause, which said questions were not litigated upon the trial of this action. Dated November 13, 1899." Defendant has appealed to this court from said last-mentioned judgment, and also states in his notice of appeal that he appeals from the order upon which said judgment is based, said order being the order last above mentioned.

This record clearly shows that the judgment entered November 13, 1899, except as hereinafter stated, was in all respects regularly entered, and all doubt and uncertainty is effectually removed as to the existence or nonexistence of certain facts about which counsel are at loggerheads with respect to the first judgment. The last judgment was entered after a consideration of the evidence adduced at the trial, and upon findings of fact and law made by the trial court. Nor was this judgment entered upon any request on plaintiff's part for leave to dismiss or withdraw the action; nor was it entered prematurely, and before the case was submitted to the District Court for its decision upon the merits. On the contrary, this judgment was ordered to be entered upon the motion of plaintiff's attorneys in the action. An examination of the judgment in connection with the pleadings discloses the fact that the judgment is responsive to the issues in evidence in the case, and that it determines such issues adversely to the plaintiff. The complaint is meager, but the effect of its averments are, briefly, that the de-

fendant was seised of the record title of the land described in the complaint, and that defendant was under a legal and moral obligation to quitclaim the land to the plaintiff upon payment of a certain sum alleged to be due to the defendant. The sole object of the action, as indicated by the complaint and the prayer for relief, was to get the title of the land transferred to the plaintiff, either by deed from the defendant or by a decree of the court. It is conceded that the undisputed evidence in the case shows that at a date prior to the commencement of the action the defendant had sold and conveyed the land to a stranger, and there was nothing in the pleadings and nothing in the evidence to show that such stranger received the land with any notice whatever of plaintiff's rights or claims in or to the land. Upon such issues and evidence but one judgment was legally possible, and that judgment was entered. The court denied the relief asked for, and dismissed the action with costs. The court found from the evidence "that the present action to obtain a quitclaim deed of the property in question cannot be maintained, for the reason that the said defendant, James Garbutt, has no title to said land to convey; and upon this ground, and this ground only, the court orders that this action be dismissed." We think the scrupulous care manifested in stating and limiting the ground of the decision as embodied in the findings was entirely proper under the circumstances. The trial court was advised of the fact that another action was pending between the same parties, wherein said first judgment was set out in defendant's answer as a bar to the prosecution of said other action. Upon such a state of facts it was, we think, entirely proper at least to indicate in the findings and in the judgment as finally entered the precise questions which were judicially determined in this action. This was done, but the trial court went much further, in the following language, which is quoted from the judgment entered November 13, 1899: "And it is further adjudged that the dismissal of this action shall be without prejudice to the rights of the plaintiff to litigate in a proper action all the other questions involved in this cause, which said questions were not litigated upon the trial of this action." In our judgment, the language last quoted was improperly incorporated in the judgment, and is wholly inoperative as a determination of what questions may be determined in any other action between the same parties. The judgment may and does determine what issues were judicially determined in this action; but, in so far as it attempts to reach out and dispose of issues in no wise involved in this action it is dealing with matters *coram non judice.* It may eventuate that the judgment from which we have quoted will be pleaded in bar of another action pending or to be brought between the parties to this action, and if this course is taken, the question will be then presented to the court whether the judgment is a bar, and to what extent, if any, it is a bar. But, in the nature of the case, no such question can be predetermined. Its solution, if it ever arises, will turn upon the issues

presented by the pleadings in the action in which the bar is pleaded, and upon established principles of law governing the question. Nor can the deliverances made by a court in another action upon different issues have the slightest weight in the determination of the questions arising in the contingency suggested. Our conclusion is that this language is purely obiter and surplusage. We do not strike it out, however, for the reason that no application was ever made to the trial court to eliminate the same from the judgment. Had a motion been made below to correct the judgment in this respect, it would, doubtless, have been stricken out as surplusage; at least we are clear that it is surplusage, and as such wholly imoperative as a judicial determination of any question in the present case, or any question which may arise in future litigation between the parties to this action.

This disposes of the merits of all questions presented by this record, but we deem it best, in the interests of orderly procedure, to briefly advert to certain questions of practice arising upon the record. Defendant, in his notice of appeal to this court, declares, in effect, that he appeals from two several orders, each of which is particularly described, and also declares that defendant appeals from a certain judgment, which is described in the same notice. One of the orders appealed from—that vacating the judgment—is an appealable order, and, of course, the judgment was appealable. Under the notice the defendant has attempted by one notice of appeal to take two wholly independent appeals to this court. This cannot be done, under the rule established by the Wisconsin cases cited below, which cases we would be inclined to follow, inasmuch as the present appeal law of this state is taken chiefly from the laws of the State of Wisconsin regulating appeals, and the cases were decided before the law was adopted in North Dakota. See *White* v. *Appleton*, 14 Wis. 190; *Chamberlain* v. *Gage*, Id. 193; *Noble* v. *Strachan*, 32 Wis. 314. See, also, *Hackett* v. *Gunderson*, 1 S. D. 479, 47 N. W. Rep. 546; *Anderson* v. *Hultman* (S. D.) 80 N. W. Rep. 165. At the present term a motion to dismiss an appeal upon this ground, viz: duplicity, was made, and granted by this court; but, the point not being raised in the case at bar, it is passed over. We allude to the matter only in a cautionary way. The defendant also states in his notice that he appeals from a certain other order directing the entry of the judgment entered November 13, 1899. This is harmless in the notice because an order for judgment is nonappealable. The order is reviewable, however, on appeal from the judgment. *In re Weber*, 4 N. D. 119, 129, 59 N. W. Rep. 523, 28 L. R. A. 621. Our conclusion is that the order vacating the judgment entered January 30, 1899, was properly made, and hence must be affirmed, and that the judgment entered in this action on November 13, 1899, is a valid judgment, and hence the same will be affirmed. All the judges concurring.