(86 N. W. Rep. 965.)

---

MICHAEL PRONDZINSKI vs. JAMES GARBUTT.

Opinion filed June 19, 1901.

**Involuntary Trustee of Real Estate.**

On a trial de novo·in this court it is found that the defendant promised to extend the time of redemption for plaintiff to redeem from a mortgage foreclosure; that in violation of such promise, upon which plaintiff relied, defendant took a sheriff's deed on such foreclosure. *Held,* on the facts established and referred to in the opinion, that

defendant was an involuntary trustee of the real estate in question for plaintiff, under § 4263, Rev. Codes.

## Dismissal Without Prejudice—Judgment.

A court of equity has the power to dismiss an action without prejudice, and, when a judgment contains a recital that it was so dismissed, the effect of such recital is to prevent such judgment from operating as a bar in another suit brought on the same subject matter. Whether a judgment in fact constitutes a bar is to be determined in the action in which it is pleaded, and not in the action in which it was rendered.

## Liability of Trustee—Damages.

The general rule is that a trustee who wrongfully disposes of trust property is liable to the beneficiary for the value of the same, with interest. This rule is not changed by § 4273, Rev. Codes, which gives the beneficiary the right to require a restoration of the property, with its fruits, or to recover the proceeds, with interest. Where an election is made to have the property replaced, the trustee cannot defeat the beneficiary's legal right thereto by refusing to replace or by placing it out of his power to do so, and thus compel the beneficiary to accept the proceeds. For a breach of the duty to restore, the beneficiary may recover the value of the property, with interest.

Appeal from District Court, Walsh County; *Fisk, J.*

Action by Michael Prondzinski against James Garbutt. Judgment for plaintiff, and defendant appeals.

Affirmed.

*DePuy & DePuy* and *Templeton & Rex,* for appellant.

The judgment in the first case is a bar to the present action. If plaintiff was entitled to recover in equity damages for alleged fraud of defendant in taking a sheriff's deed, he could and should have recovered such damages in that suit. *Chapman* v. *Mad River Co.,* 6 O. St. 119; *Holland* v. *Anderson,* 38 Mo. 55; *Hamilton* v. *Hamilton,* 59 Mo. 232; *Pinnock* v. *Clough,* 16 Vt. 500, 42. Am. Dec. 521; *Aday* v. *Echols,* 52 Am. Dec. 225; *Robinson* v. *Braiden,* 28 S. E. Rep. 798; *Milkman* v. *Ordway,* 106 Mass. 232; *Kelly* v. *Galbraith,* 58 N. E. Rep. 431; Pomeroy Eq. Jur. § 1410. There is only the union of remedial rights flowing from one cause of action. Pom. Rem. 97; *Sternberger* v. *McGovern,* 56 N. Y. 12; *Cole* v. *Getzinger,* 71 N. W. Rep. 75; *Hanna* v. *Reeves,* 60 Pac. Rep. 62; *Gray* v. *Dougherty,* 25 Cal. 266. Whether proof was offered in the first case to show the damage plaintiff claims to have sustained is immaterial; the judgment is conclusive nevertheless. *Thompson* v. *Myrick,* 24 Minn. 4; *Scottish Amer. Mortg. Co.* v. *Reeve,* 7 N. D. 552; *Foogman* v. *Patterson,* 9 N. D. 254; *Jungnitsch* v. *Iron Co.,* 80 N. W. Rep. 245; *Werllen* v. *New Orleans,* 177 U. S. 390, 44 L. Ed. 817; *Roby* v. *Dock Co.,* 165 Ill. 277. There is a distinction between an estoppel by verdict and an estoppel by judgment. The estoppel by judgment is conclusive as to every matter that might have been presented and adjudicated in the first suit. *Nilson* v. *Oil Co.,* 80 N. W. Rep. 859; *New Orleans* v. *Bank,* 167 U. S. 371;

*Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. Ed. 195; *Boyd* v. *Wallace,* 84 N. W. Rep. 760. The dismissal of the former action without prejudice was of no effect. *Prondzinski* v. *Garbutt,* 83 N. W. Rep. 23, 9 N. D. 239; *Davenport* v. *Kleinschmidt,* 20 Pac. Rep. 823; *Chicago, Etc. Ry. Co.* v. *Black,* 29 Pac. Rep. 96; *Forgerson* v. *Smith,* 104 Ind. 246; *Nickless* v. *Pearson,* 126 Ind. 477, 489; *Lorillard* v. *Clyde,* 122 N. Y. 41; *Indiana Nat'l. Bank* v. *Bank,* 36 N. E. Rep. 382; *Franke* v. *Franke,* 43 N. E. Rep. 468. The trial court, under the facts as they existed, had no authority to insert the words "without prejudice" in the order of dismissal. *Chicago Etc. Ry. Co.* v. *Mill Co.,* 109 U. S. 702, 27 L. Ed. 1081; *Casey* v. *Jordan,* 9 Pac. Rep. 92; *Lee* v. *Stahl,* 22 Pac. Rep. 437. Plaintiff elected in the first suit to pursue the specific property and thereby foreclosed his right forever to avail himself of any other remedy. *Rosenbaum* v. *Hayes,* 8 N. D. 461, 79 N. W. Rep. 987; *Washburn* v. *Ry. Co.,* 114 Mass. 175; *Bailey* v. *Hervey,* 135 Mass. 172; *Ormsby* v. *Dearborn,* 116 Mass. 386; *Brunswick Co.* v. *Dart,* 20 S. E. Rep. 631; *Carroll* v. *Fethers,* 78 N. W. Rep. 604. Prior to the expiration of the period of redemption, plaintiff offered to pay the defendant an amount sufficient to redeem from the foreclosure sale. This offer wiped out the lien and destroyed entirely the force of the sale. § 1716, Civil Code; *Tiffany* v. *St. John,* 65 N. Y. 314; *Loughborough* v. *McNevin,* 14 Pac. Rep. 369. After the sale defendant by virtue of his certificate held only a lien. *Meeker County Bank* v. *Young,* 51 Minn. 254, 53 N. W. Rep. 630; Jones on Mtgs., § 1661. The effect of the sale having been nullified by the offer on plaintiff's part to pay the defendant, the sheriff's deed was absolutely void and plaintiff could have recovered the property notwithstanding the transfer. *Dodge* v. *Brewer,* 31 Mich. 227; *Frost* v. *Bank,* 70 N. Y. 553; *Clute* v. *Emmerich,* 99 N. Y. 342; *Benton* v. *Hatch,* 122 N. Y. 322. If Joseph Garbutt was a necessary party to the first action the court was required to bring him in. §§ 5297, 5230, 5238, Rev. Codes; *Osterhoudt* v. *Supervisors,* 98 N. Y. 239. *Chapman* v. *Forbes,* 123 N. Y. 532; *Derham* v. *Lee,* 87 N. Y. 599. The value of the land cannot be recovered on the theory that defendant was plaintiff's trustee. *Booth* v. *Thompson,* 49 Mich. 72, 13 N. W. Rep. 363; *Jeffery* v. *Robbins,* 167 Ill. 375; *Newell* v. *Meyendorff,* 23 Pac. Rep. 333; *Moorman* v. *Wood,* 117 Ind. 144. The District Court erred in allowing plaintiff interest on the difference between the value of the land and the amount of the foreclosure sale. §§ 4974, 4975, 4273, Rev. Codes; *Johnson* v. *Ry. Co.,* 1 N. D. 354, 365; *Lell* v. *N. P. Ry. Co.,* 1 N. D. 336, 353.

*J. H. Fraine* and *Cochrane & Corliss,* for respondent.

The object of the present action is to compel the defendant to account to plaintiff for the value of the real estate described in the complaint. The foundation of plaintiff's claim is a sale by defendant to a third person of this property when, in fact, the defendant held the same as trustee for the plaintiff, subject to the payment by

plaintiff to defendant of the sum of $731.35. The judgment in the first action was not a bar because the cause of action in the first suit was not the same upon which plaintiff seeks to recover in this, and the complaint in the first suit did not state a cause of action. The naked allegation of fraud therein, without the averment of any facts to sustain the allegation, was a nullity. *Gould* v. *Ry. Co.,* 91 U. S. 526; *Gilmer* v. *Morris,* 30 Fed. Rep. 481; *Rodman* v. *Ry. Co.,* 26 N. W. Rep. 651; *Morrill* v. *Morgan,* 4 Pac. Rep. 580; *State* v. *Mellus,* 59 Cal. 444; *Terry* v. *Hammond,* 47 Cal. 32; *O'Hara* v. *Parker,* 39 Pac. Rep. 1004; 1 Black on Judgmts., § 707. Where the second action is not based on the same claim as the first, plaintiff is not concluded by an adverse judgment as to any questions except such questions as were actually litigated and decided against him in the first suit. *Cromwell* v. *County,* 94 U. S. 351, *Wentworth* v. *County,* 74 N. W. Rep. 552; *Jones* v. *Hillis,* 100 Fed. Rep. 355. The original judgment entered in the action has been set aside and disappears from the case. The second judgment entered by the court in the first action recites that the judgment was entered upon the sole ground that the defendant had put it out of his power to give a deed of the property, and declares that the judgment is without prejudice to the right of plaintiff to litigate in a proper action the other questions in the case, such questions having not been litigated and decided in this case. Therefore the judgment is no bar. *Wanser* v. *Self,* 30 O. St. 378. Whenever a decree or judgment in equity is declared to be without prejudice the judgment is not a bar to another action on the same claim. *Hazen* v. *Bank,* 41 At. Rep. 1047; *O'Keefe* v. *Company,* 39 At. Rep. 428; *Wolfe* v. *Potts,* 42 S. W. Rep. 188; *Long* v. *Long,* 44 S. W. Rep. 341; 1 Van Fleet Form. Adj. § 45; 2 Black Judgmts., § 721; *Ulrich* v. *Drischell,* 88 Ind. 354, 363; *Epstein* v. *Ferst,* 17 So. Rep. 414. A judgment, when it is used as a bar, cannot be explained or contradicted by the opinion of the court pronouncing the same. *Citizens' Bank* v. *Brigham,* 60 Pac. Rep. 754; Buckingham's Appeal, 22 At. Rep. 509; *Harmon* v. *Auditor,* 13 N. E. Rep. 161; *Chaffee* v. *Morgan,* 30 La. Ann. 1307; *Penouilah* v. *Abraham,* 9 So. Rep. 36, 15 Enc. Pl. & Pr. 309; 1 Herman on Estop. 470; *Martin* v. *Evans,* 36 At. Rep. 258; *State* v. *Krug,* 94 Ind. 366; *Ry. Co.* v. *New Orleans,* 14 Fed. Rep. 373; *In re Broderick,* 56 N. Y. Supp. 99; *Morske* v. *Williard,* 48 N. E. Rep. 290; *Kalumet Ry. Co.* v. *Van Pelt,* 50 N. E. Rep. 678. Appellate courts have not, in general, the power to review their own decisions after the time for rehearing has expired. 2 Enc. Pl. & Pr. 373. Expressions of opinion as to matters beyond the scope of the case do not, in any sense, constitute the law of the case. 2 Enc. Pl. & Pr. 381; *Barney* v. *Ry. Co.* 117 U. S. 228; *Findlay* v. *Trigg,* 83 Va. 539; *Forgenson* v. *Smith,* 104 Ind. 246; *Dilworth* v. *Curtis,* 139 Ill. 508. It is the general practice in this country, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decree that the dismissal is without prejudice. The omission of the qualification in a proper case will

be corrected on appeal. *Durant* v. *Essex County,* 7 Wall. 107; 2 Beach Eq. Prac., § 643; *Barney* v. *Baltimore,* 6 Wall. 280; *Bodkin* v. *Arnold,* 30 S. E. Rep. 154; *Mitchell* v. *Dowell,* 105 U. S. 430; Evans v. Schafer, 86 Ind. 135; *Long* v. *Long,* 44 S. W. Rep. 341; *Thorne* v. *Phares,* 14 S. E. Rep. 399; *Ulrich* v. *Drischell,* 88 Ind. 354; *Gunn* v. *Peakes,* 36 Minn. 177; *Ry. Co.* v. *Township,* 28 N. E. Rep. 439; *Wanzer* v. *Self,* 30 O. St. 378; *Epstein* v. *Ferst,* 17 So. Rep. 414; 2 Black Judgmts., § 721. Even if the saving clause were not in the judgment, and if the complaint in the first action showed that plaintiff therein relied upon the redemption agreement as the foundation of his claim, still, the former judgment would not be a bar. *Cromwell* v. *Sac Conuty,* 96 U. S. 681; Freeman on Judgmts., § 265; *Sager* v. *Blaine,* 44 N. Y. 445; 2 Van Fleet Form Adj. 444; 2 Black on Judgmts., § 715. Plaintiff's cause of action in the present case is the wrong of the defendant in deeding away trust property to which plaintiff had in equity a claim. This is entirely distinct from the cause of action he had against defendant previous to such transfer to compel him to convey the land to him on being paid the sum already specified. *Rogers* v. *Barnes,* 47 N. E. Rep. 602; *Bonker* v. *Charlesworth,* 33 Mich. 81; *Wright* v. *Anderson,* 20 N. E. Rep. 277; *Elgin Watch Co.* v. *Myer,* 29 Fed. Rep. 225; *Gwinn* v. *Snur,* 49 Mo. App. 361; 2 Van Fleet Form Adj., 886; 2 Dan. Ch. Prac. 995, Note 2; *Snyder* v. *McComb,* 39 Fed. Rep. 292; *Ballantyne* v. *Appleton,* 20 At. Rep. 234; *Bank* v. *Harding,* 53 N. W. Rep. 99; *Gall* v. *Gall,* 45 N. Y. Supp. 248; *Marsh* v. *Masterton,* 101 N. Y. 401, *Ferguson* v. *Ins. Co.,* 22 Hun. 320; *Mussey* v. *Bates,* 27 At. Rep. 167; *Porter* v. *Wagner,* 36 O. St. 461; *Prayette* v. *Ferrier,* 55 Pac. Rep. 629; *Dixon* v. *Merritt,* 21 Minn. 196; *Smith* v. *Auld,* 1 Pac. Rep. 626; *Lyons* v. *Robbins,* 45 Conn. 513, 524; *Smith* v. *Rountree,* 56 N. E. Rep. 1130; *Rease* v. *Dobson* 13 S. E. Rep. 530. Even if a case has been tried and submitted and decided on the merits a court of equity may allow the plaintiff to relitigate all or any the questions involved. *Burton* v. *Burton,* 58 Vt. 414; *Upjohn* v. *Ewing,* 2 O. St. 13; *Hepburn* v. *Dunlop,* 1 Wheat. 179; *Krutzinger* v. *Brown,* 72 Ind. 466.

YOUNG, J. This is an action in equity, wherein the plaintiff seeks to recover from the defendant, as an involuntary trustee, the value of certain real estate, the title of which, he alleges, the latter fraudulently obtained from him, and thereafter conveyed to another. The trial was to the court without a jury, and resulted in a judgment in plaintiff's favor in the sum of $2,096.06. Defendant has appealed from the judgment. In addition to certain questions of law, to which reference will be hereafter made, appellant presents for review certain questions of fact, and, for the purpose of securing such review, has caused a statement of case to be settled, embracing all the evidence offered in the trial court, with a proper specification of the facts which he desires to have reviewed. As preliminary to a consideration of the questions presented, we state certain

facts which are not in controversy. It appears that the real estate in question was purchased by plaintiff on October 20, 1893, from one Grabanski. Grabanski had mortgaged it to W. R. Sheppard to secure his three promissory notes, for $600 each, maturing January 1, 1893, 1894, and 1895, respectively. He had also placed a second mortgage upon it to John Paschke to secure an indebtedness due the latter of $800. The debts secured by these mortgages were wholly unpaid when plaintiff purchased, and in the deed he received from Grabanski he assumed their payment as part of the consideration for this purchase. In August or September, 1893, Sheppard, who resided in California, sent the three $600 notes to defendant, Garbut, for collection. Shortly after receiving them, foreclosure proceedings by advertisement were commenced as to the first note, which was past due, and the land was sold thereunder on December 30, 1893, to W. R. Sheppard, mortgagee, for the amount due on said note, with costs of foreclosure, amounting in all to $731.35, and a sheriff's certificate was duly issued to him. In March, 1894, defendant, Garbut, purchased the notes from Sheppard, and also the sheriff's certificate, and received a written assignment of the latter. In 1894 plaintiff paid the debt secured by the Paschke mortgage, and also paid to defendant, Garbut, the full amount due on the second note; that is, the one falling due January 1, 1894. Early in January, 1895, he also paid defendant $340, and subsequent thereto enough more was paid to entirely cancel the third note, due January 1, 1895. On January 5, 1895, defendant took a sheriff's deed on the foreclosure on the first note. On January 16, 1895, defendant and his wife executed and delivered a deed of said real estate to his brother Joseph Garbutt. All of the conveyances herein referred to were recorded at or about the date of their execution. Plaintiff's claim is that defendant obtained the title through his sheriff's deed under such circumstances as to render him a trustee thereof for plaintiff, in equity, and liable to plaintiff for the value of said real estate, less the amount due on the sheriff's certificate at the date defendant deeded the same to his brother. The complaint, so far as important, alleges, in substance, that in the month of December, 1894, and within the year allowed by law for a redemption from the foreclosure, the plaintiff offered to pay to the defendant the sum required to make redemption; that the defendant, with intent to defraud and deceive the plaintiff, and for the purpose of inducing the plaintiff to defer making redemption, well knowing that plaintiff relied upon his representations, promised plaintiff that he would give him further time in which to redeem, which promise was made for the purpose of deceiving plaintiff and without any intention of keeping it, and for the purpose of inducing the plaintiff to alter his position and put it out of his power to redeem said land, to the end that defendant might get a sheriff's deed thereto; that plaintiff, in reliance upon such promises, allowed the period of redemption to

expire, and not otherwise; that the plaintiff was ready, willing, and able to pay the amount necessary to redeem said land. The defendant in his answer denies that he promised to extend the period for redemption, and pleads a former adjudication in bar of this action. It was settled on a former appeal that the facts pleaded in the complaint are sufficient to entitle the plaintiff to relief in equity. See *Prondzinski* v. *Garbutt*, 8 N. D. 191, 77 N. W. 1012. Our inquiry on the present appeal is directed to the existence of these facts; also the question whether the plaintiff is barred from obtaining relief by reason of a former adjudication, and, if he is not, as to the nature and extent of relief available to him.

Counsel for appellant presents the following questions of fact for review: "(1) Did defendant agree to extend the time within which plaintiff might redeem from the foreclosure sale beyond the year limited by law? (2) Did plaintiff offer to pay defendant the amount necessary to redeem from the foreclosure sale? (3) Did defendant cheat, wrong, or defraud plaintiff in any way? (4) Did plaintiff rely upon any promise made by defendant regarding the redemption from the mortgage sale? (5) What was the value of the land in December, 1894, and January, 1895?" The trial court found the value of the real estate was $2,250 at the time in question, and resolved each of the other questions against the appellant. After an independent examination of the evidence contained in the record, we have reached the same conclusion. On the question as to the alleged extension of time of redemption, and offer to pay, the testimony of plaintiff and defendant is squarely in conflict; but the facts and circumstances surrounding the transaction, which are not in dispute, leave no doubt in our minds that the promise was made as alleged, and found by the trial court, and that plaintiff offered to redeem, just as he claims. The testimony does not, in our judgment, admit of any other interpretation. On the question of the value of the land the evidence covers a wide range, but the amount found by the trial judge is clearly favorable to defendant. A number of witnesses place the value at from $2,500 to $3,000. In defendant's deed to his brother the consideration recited is $3,000. It also appears that on a former trial a jury found the value at $3,000. The evidence certainly does not warrant a reduction of the value found by the trial court.

We come now to a consideration of the judgment pleaded in bar. In his answer defendant alleges, for a further and second defense, "that on the 30th day of January, 1899, in an action then pending in the District Court of Walsh County, wherein this plaintiff was plaintiff and this defendant was defendant, for the same cause of action as that set forth in the complaint herein, final judgment was duly rendered and entered, after a trial of said action on the merits, adjudging that plaintiff take nothing thereby, that said action be dismissed, and that defendant recover his costs and disbursements therein, which judgment is now in full force and effect." The complaint, answer, findings of fact, conclusions of law, order for judg-

ment, and judgment in the action so pleaded in bar were introduced in evidence, and are contained in the record before us. That action was commenced shortly after plaintiff discovered defendant had obtained the sheriff's deed. The purpose of the action was to compel the defendant to deed the land back to him, and the basis of his demand for such relief is contained in an allegation in the complaint that the defendant, acting as attorney for William Sheppard, agreed with the plaintiff to accept him for the amount due to Sheppard. No allegations as to the agreement to extend the time of redemption, which is the basis of the present action, is contained in the complaint. The judgment so pleaded follows the findings of fact and conclusions of law upon which it is based, and, so far as important for reference, is as follows: "The issues in the action having come on for trial, and the defendant having established upon the trial that before the commencement of this action he had conveyed the land in question to one Joseph Garbutt, and no other issues having been litigated in this case, and the sole defense of the defendant being the fact of the said conveyance, and the court having rendered its decision herein, and ordered that judgment be entered herein in accordance with the said decision, now on motion, * * * it is adjudged that this action be dismissed on the sole ground that the defendant had, previous to the commencement thereof, transferred the real estate in question to another person, and therefore could not be compelled to give to the plaintiff a quit-claim deed therefor. And it is further adjudged that the dismissal of this action shall be without prejudice to the rights of the plaintiff to litigate in a proper action all the other questions involved in this case, which questions were not litigated upon the trial of this action." The above judgment of dismissal was rendered and entered on motion of plaintiff's counsel. An appeal was taken by defendant, and the same was affirmed by this court. 9 N. D. 239, 83 N. W. Rep. 23. Does this judgment operate as bar to the present action? We are of opinion that it does not. In reaching this conclusion we are not influenced by the claim of plaintiff's counsel that the preent cause of action and the one involved in the former action, wherein the judgment relied upon was rendered, are not the same, or the contention that the complaint did not state a cause of action. These questions we need not discuss or determine. Our conclusion rests entirely upon the language of the judgment itself, which sets forth without uncertainty just what was determined in said action, which was that defendant had conveyed the land to his brother before the commencement of the action, and consequently could not be compelled to deed it to plaintiff. The judgment, however, is not silent as to other questions involved, but affirmatively shows not only that they were not litigated, but that as to all other questions the case was dismissed without prejudice. That a court of equity has the power to dismiss an action without prejudice is well settled, and it is equally well settled that the effect of such a dismissal is to prevent the decree entered from constituting a bar to another

suit brought on the same subject-matter. See 2 Black, Judgm. § 721. It is the general practice, when a bill in equity is dismissed without a consideration of the merits, for the court to express in its decree that the dismissal is without prejudice. *Durant* v. *Essex Co.,* 7 Wall. 107-113, 19 L. Ed. 154; *Ballentine* v. *Ballentine,* (Pa.) 15 At. 859; *Lang* v. *Waring,* 25 Ala. 625, 60 Am. Dec. 533. And the purport of such an order is that the dismissal shall not operate as a bar to a new suit which the party may institute. Story, Eq. Pl. § 793; *Nevitt* v. *Bacon,* 32 Miss. 212, 66 Am. Dec. 609. "Such a judgment is by its terms no bar." *Gunn* v. *Peakes,* (Minn.) 30 N. W. 466, 1 Am. St. Rep. 661. And this even though it was so rendered erroneously. *Wanzer* v. *Self,* 30 Ohio St. 378. See, also, *Magill* v. *Trust Co.,* 81 Ky. 129; *English* v. *English,* 27 N. J. Eq. 579; 1 Van Fleet, Form. Adj. § 45, and cases cited. As to the correctness of the above rule no doubt can exist. Counsel for appellant do not contend otherwise. Their contention is that the insertion of the clause in the judgment that the dismissal of the action should be "without prejudice," etc,, was of no effect, and they rely entirely upon the language used by the court in affirming the judgment. See *Prondzinski* v. *Garbutt,* 9 N. D. 243, 244, 83 N. W. 23. A careful examination of the opinion in that case will show that our criticism of the language used in the judgment was directed entirely to those portions wherein the trial court attempted to reach out and predetermine absolutely and in advance the effect which the judgment should have in other actions or other courts. Our purpose was merely to point out that the determination of the question as to whether a judgment in any case constitutes a bar is one to be determined by the court in the action in which the judgment is pleaded, and not by the court in the case in which it is rendered. It certainly was not our intention to hold that a court of equity may not dismiss a case without prejudice, or that the dismissal without prejudice in the case then under consideration was erroneous. A careful examination of all of the language employed in the opinion will not. show otherwise, and if it carries any other interpretation it is expressly disapproved. The trial court properly concluded that the judgment relied upon by defendant does not constitute a bar to the relief sought in the present action.

Counsel for appellant also takes the position that in any event the plaintiff is not entitled to judgment for the value of the land, but that his recovery, under the facts of this case, is limited to the proceeds derived from the sale to his brother. This contention cannot be sustained. Independent of the statute, no doubt can exist that plaintiff can recover the value of the real estate wrongfully and fraudulently acquired and sold by defendant. As was said in *Long* v. *Fox,* 100 Ill. 43, "no rule of law is better settled than that where a trustee wrongfully converts to his own use the trust property, or any part of it, the *cestui que* trust, is entitled in equity to a personal decree for the value of the property so converted." Hill, Trustees, 522; Perry, Trusts, § 847. And this without regard to

the amount for which they were sold. *Hardin* v. *Eames,* 5 Ill. App. 153; *Loomis* v. *Satterthwaite,* (Tex. Civ. App.) 25 S. W. 68; *Boothe* v. *Feist,* (Tex. Sup.) 15 S. W. 799; *Silliman* v. *Gano,* (Tex. Sup.) 39 S. W. 559; *Rogers* v. *Barns,* (Mass.) 47 N. E. 602; *Mixon* v. *Miles,* (Tex. Civ. App.) 46 S. W. 105; *Ringgold* v. *Ringgold,* (Md.) 18 Am. Dec. 250; *Chamberlain* v. *O'Brien,* 46 Minn. 80, 48 N. W. 447, and cases cited on page 83, 46 Minn., and page 448, 48 N. W. See, also, *Cushman* v. *Bonfield,* 139 Ill. 219, 28 N. E. 937; *Haxton* v. *McClaren,* (Ind. Sup.) 31 N. E. 48. It would seem to be the well-settled doctrine that courts of equity will lend their assistance to a beneficiary, as against his trustee, who has fraudulently disposed of the trust property, and give to the former his property, if it can be obtained, or the proceeds received by the trustee, or its value, with interest, as he may elect. Appellant's contention is wholly based upon § 4273, Rev. Codes, which reads as follows: "A trustee who uses or disposes of trust property contrary to § 4265, may, at the option of the beneficiary, be required to account for all profits so made or to pay the value of its use, and if he has disposed thereof, to replace it with its fruits, or to account for its proceeds with interest." Does the statute just quoted establish different rights from those which existed prior to its enactment, and cut off the right to recover the value of property fraudulently disposed of by a trustee? We do not so construe it. In referring to this section, and also § 4265, on the former appeal (*Prondzinski* v. *Garbutt,* 8 N. D. 191, 77 N. W. 1012), we said: "Not only does the statute declare that a trust relation results, but to some extent, at least, fixes the liability of the trustee; and should it appear that the plaintiff is entitled to relief, and if the land and its fruits are not restored to him, if such is his election, he may recover its value, with interest, or the proceeds of the sale, with interest, as he may elect, in either case deducting the amount due on the sheriff's certificate." It is true, as counsel contend, that a construction of said section of the statute was not necessary to a decision of the question presented on that appeal, which was whether the order of the trial court in granting a new trial was proper; the action, through a mistake as to its nature, having been tried as one at law, and to a jury. In pointing out that the case was one exclusively of equity cognizance, we used the language above quoted. But we are of opinion that, on the facts of this case, in stating that "plaintiff may recover the value of the land, with interest, or the proceeds of the sale, with interest, as he may elect," we correctly stated the law applicable. Counsel's contention is that: "Nowhere is it provided in § 4273 that the beneficiary may recover the value of the property. If the property has been disposed of by the trustee, and the beneficiary does not seek to have the property restored to him, with its fruits, he can only recover the proceeds, with interest, not the value, with interest." It is true, the statute does not expressly declare that the beneficiary may recover the value of the property, with interest, but it plainly establishes an absolute legal right in the beneficiary to have the property, with its

fruits, restored, if he so elects; and it requires no argument or citation of authority to show that.if that right is denied, and the property is not replaced by the trustee according to such election, he is entitled to his damages for the breach of the obligation, just as much as though the duty was one created by the contract of the parties, instead of by the statute. The statute gives the beneficiary a right to have his property, with its fruits, replaced, or he may elect to ratify the sale and recover the proceeds, with interest. He may have either right at his option, but cannot have both. Should he elect to recover .the proceeds, he cannot recover the property. If he elects to require the property to be replaced, he cannot recover the proceeds. The option, however, is entirely with the beneficiary. The trustee, by placing the property where he cannot replace it, or by refusing to replace it, cannot compel the beneficiary to accept the proceeds of the sale. The language of the statute under consideration will not warrant such a construction. Furthermore, to so hold would convict the legislature of establishing a rule definitely calculated to facilitate the perpetuation of frauds, instead of preventing them, and one which would lead to a general miscarriage of justice; for, as a rule, men who commit frauds usually place it out of their power to repair their wrongs. Under such construction beneficiaries would have to accept the proceeds of fraudulent sales, however insignificant. as compared with the value of the property wrongfully conveyed by their trustees. The statute establishes no such rule. In the case at bar the plaintiff never elected to ratify the sale made by the defendant to his brother, and to take the proceeds of such sale. On the contrary, he elected to have his land restored, and, as we have seen, brought an action to enforce that right; but, because the defendant had put it out of his power to reconvey, he was defeated. Does the fact that he failed to get his land compel him to accept the proceeds of the sale? Certainly not. His legal right to have his land restored has not been destroyed or lost; neither has his election to have it restored been annulled by any election to take the proceeds of the sale. And in this action he is simply attempting to recover his damages arising from defendant's breach of duty in failing to restore it to him. That duty arose at the time he took out the sheriff's deed, viz: January 5, 1895; and the trial court, in estimating plaintiff's damages, properly added interest to the value of the land as of that date, after deducting the amount due on the sheriff's certificate. A wrongful diversion of trust property by a trustee is analogous to a conversion of personal property, and is attended by a similar liability to respond for its value, with interest. As to the defendant's liability for interest, see 1 Perry, Trusts, § 468. See, also, cases cited supra. It follows that the judgment of the District Court must be affirmed, and it is so ordered. All concur.