ELIZABETH H. CHADWICK,

*vs.*

PARKHILL CORPORATION, LIMITED, a corporation of the State of Delaware.

In the Matter of the Petition of WILLIAM H. GILL, for Leave to Intervene as a party defendant.

*New Castle, May* 11, 1928.

*E. Ennalls Berl*, of the firm of Ward & Gray, for complainant Chadwick.

*Caleb S. Layton*, of the firm of Marvel, Layton & Morford, for defendant corporation.

*Charles F. Curley*, for intervening petitioner.

THE CHANCELLOR. Before the entering of an order in pursuance of the opinion heretofore filed in this cause, (*ante p.* 105) the solicitor for Gill produced what he contends are satisfactory authorities in support of the suggestion that the decree should reserve the right to Gill to assert in any other litigation his claim to be a stockholder.

Gill, on the showing in his petition for leave to intervene that he was a stockholder, was admitted as a party defendant. Later the complainant petitioned that he be ejected as a party on the ground that he was not in the eyes of equity a stockholder and therefore had no interest in the cause. The complainant in her petition admitted that Gill was a stockholder of record as shown by him in his intervening petition, but avoided this admitted fact and the prima facie right arising therefrom, by alleging that Gill was not and never had been the true owner of the

stock and accordingly was not entitled to be regarded as a stock-holder. The complainant thus became the moving party and assumed the burden of showing Gill's lack of status. It was upon the application of the complainant that the evidence was taken. The parties proceeded on the assumption that Gill being in as a party, it was incumbent upon the complainant to establish his incompetency. The introduction of evidence by the complainant with Gill playing the roll of defendant in the motion shows the manner in which the parties considered themselves as posited on the two sides of the question. The conduct of the parties was thus in entire harmony with the character of the issue as framed by the pleadings. The issue having been so framed as to put the affirmative burden on the complainant and the parties having proceeded to hearing accordingly, it seems to me that the char-acter of the order must be determined by that consideration.

The significance of the last remark is suggested by this question, namely, can it be possible to grant relief to a party on whom rests the affirmative burden to show the absence of an adversary's right and at the same time expressly refuse to find that the right is nonexistent? I do not see how such a solecism can be countenanced. The authorities produced by the solicitor for Gill do not sustain it. The following brief reference to those authorities will show their insufficiency to do so.

*English v. English*, 27 *N. J. Eq.* 579. This was an action for divorce *a mensa et thoro*. Extreme cruelty was alleged as the ground for divorce. The court decided that such cruelty must be shown as to indicate a reasonable apprehension of its con-tinuance in the future because a separation should not be decreed as a punishment for past conduct only. The evidence disclosed to the court circumstances which in its opinion showed an un-likelihood that such cruelty would continue in the future and so the court directed a dismissal of the bill. Inasmuch, however, as only a recohabitation could demonstrate whether the likeli-hood of a continuance of the cruelty was in fact possible, it directed that the decree of dismissal should be without prejudice so that the facts urged in support of the bill might be used if the case should again be brought before the court. The case is entirely dissimilar to the instant one, not only because it was

one of a dismissal rather than one of affirmative relief coupled with a refusal to find the fact upon which such affirmative relief was based, but as well because of the nature of the controversy involved. The result amounted to no more than this—that while the husband's wrongful conduct thus far was not such as to warrant the belief that it would continue and so was not within the statute, yet if, later on, cumulation should be heaped upon what had already taken place, the complainant might be free to add to her present showing the additional facts which the future might develop.

*Prondzinski v. Garbutt*, 10 *N. D.* 300, 86 *N. W.* 969, is equally beside the point which is here involved. In that case it was held that in a suit to compel the defendant to execute a deed to the complainant because of an alleged trust obligation so to do, it was entirely proper for the court in dismissing the bill because the defendant had before suit disabled himself from obeying a decree by conveying to a third person, to reserve to the complainant a right to litigate in a proper action all the other questions involved in the case and "which were not litigated upon the trial of this action." The same sort of reservation of right was written in the decree entered by this court in *Jones v. Carpenter, et al.*, 13 *Del. Ch.* 172, 117 *A.* 559. In such cases there can be no doubt as to the propriety of a decree without prejudice. But cases of that sort are plainly of no relevancy to the kind of question we are here concerned with.

*Honsinger, et al., v. Union Carriage & Gear Co.* 175 *N. Y.* 229, 67 *N. E.* 436, was a case in which it was held that a judgment in a law action which in effect was one of nonsuit concludes nothing.

The foregoing are all the cases cited in support of Gill's contention that in the order granting the complainant's motion the court might properly reserve the point on which the order is based. They fail to support the contention.

In *Cochran v. Couper, Adm'r.*, 2 *Del. Ch.* 27, the Chancellor had occasion in discussing the right of a party to have his bill dismissed without prejudice to use this language:

"Decrees in this form are not allowed unless in cases where, from peculiar circumstances, they become essential to afford the party the oppor-

tunity of having his cause fairly heard. They are not countenanced where the party has either had a hearing, or by his own negligence fails to present his cause at the hearing fully before the courts, either in the statement or proof of his claim."

In *Dunham v. Harvey*, 111 *Tenn.* 622, 69 *S. W.* 772, it was held error for a judgment on demurrer to be rendered without prejudice to the separate rights of certain married women demurrants. In *Reed, etc., v. Welsh, etc.*, 11 *Bush* (*Ky.*) 450, the following pertinent language is found:

"We perceive no reason why the cross-petitions of the appellants should not have been dismissed absolutely. The issues had been fully made up more than ninety days before the submission of the cause; and as the cause was regularly submitted without any reason being shown why the appellants were not ready for trial, and as they chose not to dismiss, as they might have done, but to await the event of the trial, their cross-petitions should have been dismissed absolutely."

In the instant case Gill has failed to show any adequate reason for not being ready for trial. He was in fact present at the trial in the person of his solicitor. He made no application to have himself removed as a party. He insisted that he should remain as a party. He put Miss Chadwick to the necessity of showing by testimony that his presence was improper and cross-examined her witnesses in great detail. Not being willing voluntarily to retire, and insisting that the complainant show to the court facts which necessitate his exclusion, he nevertheless now takes the position that, when the complainant has shown such facts and demonstrated his unwarranted presence, the court ought in substance to provide in its order that the demonstration upon which the order rests may be ignored. When the conclusion stated in the opinion heretofore filed is reached that Gill has failed to meet the issue which his continued presence as a party necessitated and, not by his own negligence (*Cochran v. Couper*, 2 *Del. Ch.* 27), but by an indifference indicative of *mala fides*, has failed to present his side of the issue at the hearing, it seems to me that he has no right to ask that the court should by special reservation save him from the consequences, whatever they are, of an adverse result. No authority justifying such a result has been cited to me, nor has my own examination revealed any.

The order will therefore not be "without prejudice."