SEUBERT, Appellant, v. SEUBERT, et al, Respondents

(299 N. W. 873.)

(File No. 8404. Opinion filed September 9, 1941.)

**Parliman & Parliman** and **Danforth & Danforth,** all of Sioux Falls, for Appellant.

**Claude A. Hamilton,** of Sioux Falls, for Plaintiffs and Respondents.

**Blaine Simons,** of Sioux Falls, for Defendants and Respondents.

SMITH, J. This action was brought to charge one Andrew Seubert as a constructive trustee for the benefit of the plaintiffs and of the remaining defendants.

All of the parties were children or successors in interest of children of one Ludwig Seubert. On April 17, 1924, Ludwig Seubert conveyed and transferred all of his property to his eight children in equal shares in consideration of their agreement to retain his personal property and the net rents and profits from the real property in a fund from which not to exceed $100 per month was to be used to defray the costs of his maintenance and support for the remainder of his life. This agreement provided for the selection by the children of one of their number to handle the fund from which the father was to be supported. Defendant Andrew Seubert was designated by the children to act in the described capacity. At the time of this transaction with the father, and for some time thereafter, August Seubert, one of the sons, was absent from home, and so had no part in the transaction and did not sign the agreement with his father.

The personal property so transferred by the father and thereafter delivered to Andrew, included two promissory notes made by August to his father aggregating in face value the sum of $1,500. Subsequently August became indebted to Andrew for money personally advanced by Andrew in the aggregate principal amount of $1,585.

The real property so conveyed by the father included a half section of Lincoln County land. As indicated, Andrew and August each acquired through the transfer from the father an undivided ⅛ interest therein. In March, 1928, according to the finding of the court, August and his wife transferred and conveyed his undivided ⅛ interest in the above described real property to Andrew in payment of the notes August had given his father, and of the amount August then owed to Andrew personally. The court found that at the time of this transaction, and for a number of years thereafter, August did not know that his notes had been transferred to the children, and of his consequent interest therein. The court further found that Andrew concealed

from the other children and their successors in interest, for a long period of years, that he had received payment of August's notes through the transfer of the above described property. It also found that the land in question was of the value of $100 an acre at or about the time of the transfer from August to Andrew, and that the value of the interest so transferred equalled the amount due from August in principal and interest on the obligations formerly held by his father and those held by Andrew personally.

It is admitted that in July, 1937, Andrew sold the ¼ interest in the above described real property which passed to him through the two transfers, to his brothers John and Joe, numbered among the plaintiffs. The father died before the commencement of this action.

The learned trial court entered judgment against Andrew and for the remaining children and their successors in interest for the then value of the property so transferred for their benefit, together with interest thereon from the date of the transfer.

■ August did not join in the complaint as a party plaintiff, and was named as a defendant. In his answer he aligned himself with the plaintiffs and joined in their complaint. Upon the trial, over the objection of Andrew, the court permitted the plaintiffs to examine August as an adverse witness. That ruling of the court is assigned as error. We find it unnecessary to determine whether the ruling was erroneous. A review of the record has convinced us that if technical error was committed, no prejudice was suffered by the defendant Andrew. Dunlap v. Thiele et al., 64 S. D. 150, 265 N. W. 593.

It is contended that the evidence is insufficient to warrant the finding by the trial court that the admitted transfer of the ⅛ interest owned by August was made to Andrew in payment of the promissory notes formerly owned by the father. The questioned finding rests on the testimony of August. The contention asserts that when August's testimony is viewed in the light of his behavior over the period of time intervening between the transfer and the inception

of this action it appears so palpably false, and so evidently framed to meet the exigencies of the occasion, that the court was not warranted in resting a finding thereon. The finding resolves a dispute between August and Andrew. The trial court was required to determine which of these two witnesses was speaking the truth. The conduct of neither of these sons, as revealed by the record, was such as to recommend him to the confidence of the court. However, the valuable property rights of other parties hung in the balance. The behavior of August, upon which the argument of defendant is premised, related directly to the issue under consideration, and is in violent contradiction of the story he related. Thus it appears that in weighing their testimony the court found August's story opposed by the statements of Andrew and by his own conduct. However, the court was justified in finding that the property transferred was of a value of about $4,000, and in believing that these men were equally conversant with its value. This fact, in connection with the opinion the court may have formed of the individuals as he listened to their testimony and observed their demeanor, may well have exerted a controlling influence on his mind. In choosing between the two versions of the transaction, it was not unreasonable for the court to disbelieve the claim that August had transferred this land for less than fifty percent of its value. The evidence as a whole suggests no reason which would have prompted August in parting with his property for the meager consideration recited by Andrew.

That this court is not warranted in disturbing a finding upon which a constructive trust is predicated on the premise that it is not supported by clear, satisfactory and convincing evidence, except where a clear preponderance of the evidence demonstrates that it was unreasonable for the trial court so to find, is settled in this jurisdiction. Jones et al. v. Jones et al., 67 S. D. 200, 291 N. W. 579. And see Medin v. Brookfield et al., 66 S. D. 209, 281 N. W. 97 and Matejka v. Reider, 62 S. D. 335, 252 N. W. 878. The conduct of August, and his character as revealed by the record, casts suspicion on his testimony, but we are unable to say that a

clear preponderance of the evidence demonstrates that the trial court acted unreasonably in accepting that testimony as the basis of the questioned finding.

■ The doctrine of estoppel by judgment is invoked by defendant predicated upon an adjudication of the County Court of Minnehaha County. It is contended that the County Court's judgment supplied indisputable evidence of the fact that the notes of August remained unpaid in March, 1936, long after the time of the disputed transfer. Plaintiff asserts that the proved judgment does not raise an estoppel under the pronouncements of this court (Cf. Keith v. Willers Truck Service et al., 64 S. D. 274, 266 N. W. 256, 104 A. L. R. 1471) but that conceding the existence of all elements necessary to establish the controlling force of such judgment under our adjudications it was made to appear, and the trial court found, that the former judgment rests upon a fraudulent foundation erected by Andrew in the proceeding in which it was entered, and that to accord it force here would permit defendant to reap a benefit from his own perfidy and fraud. The findings of the court and the law support plaintiffs' view. A judgment procured by fraud may not be used as the basis of an estoppel. 30 Am. Jur. 941.

It is finally said, conceding the verity of August's testimony, that the decree ignores the pleadings and is inequitable. Defendant argues that the action is for an accounting, and by electing that remedy plaintiffs ratified all of the acts of Andrew and therefore are only entitled to so much of one-half of the ultimate $3,900 sale as remains after Andrew is credited with his personal investment in August's ⅛ interest. We need not consider whether an action for an accounting would entail the described consequences. The argument is premised on a misconstruction of the complaint.

The complaint states the facts as found by the court, concludes that Andrew became a constructive trustee of the real property transferred by August and of the proceeds thereof, and prays relief in the following words:

"Wherefore plaintiffs pray judgment that the defendant, Andrew Seubert be required to account to the plaintiffs and

the defendants, Mary Scholl and August Seubert for the money or property received in payment of said notes and that the court adjudge that the said Andrew Seubert is holding the money or the proceeds of the sale of said real property as a trustee, actual or constructive, for the benefit of the plaintiffs to this action and the defendants, Mary Scholl and August Seubert, and that the plaintiffs have judgment against the said Andrew Seubert for their respective shares of the $700.00 note and the $800.00 note, together with interest thereon and that the court determine the rights of the plaintiffs, and of the defendants, August Seubert and Mary Scholl in the proceeds of said notes, and grant the parties to this action such other and further relief as the court shall deem just and proper in the premises."

Construing the complaint as a whole it indicates a clear intention to hold a fiduciary for benefits received and wrongfully withheld. Such a complaint supports a decree charging the fiduciary as a constructive trustee.

The nature and background of the remedial doctrine of constructive trusts finds complete expression in Farmers' & Traders' Bank v. Kimball Milling Company, 1 S. D. 388, 47 N. W. 402, 36 Am. St. Rep. 739, and need not be restated. And see Jaeger v. Sechser et al., 65 S. D. 38, 270 N. W. 531.

In the eyes of a chancellor Andrew appears as a fiduciary who in March, 1928, secured a benefit for his beneficiaries by exchanging two promissory notes for an interest in real property. The extent of this beneficial interest in the whole property so received, which was purchased by the satisfaction of obligations only a part of which belonged to them, was apparent. The value of the property acquired by the fiduciary equalled the principal and interest due on all of the obligations so satisfied. Thus it was manifest that the interests of Andrew as an individual and as a fiduciary were exactly in proportion to the respective assets making up the consideration for the transfer. American Law Institute, Restatement of the Law of Restitution, § 210(2). Upon the receipt of this benefit the duty arose forthwith to convey this proportionate interest to those for whom he acted. 3

Bogert, Trusts and Trustees, §§ 471, 472. He failed so to do, and wrongfully concealed the fruits of the transaction from his beneficiaries. It is this wrong equity is asked to right. Thereafter, he disposed of the property and placed it beyond the reach of the court. The fact that some nine years later he sold it to two of the plaintiffs, who acted in good faith and paid its then depreciated value, is not significant in measuring equities. A pathway of bad faith positioned Andrew where he must bear the loss occasioned by his transactions. When the trial was complete the court charged him by its judgment with the value of the benefits received as of the date of his original wrong and computed interest thereon. In the cricumstances we can conceive of no other form of decree the court could have adopted to effect a complete and exact restitution.

■ The reach of the court's equitable powers in dealing with a particular set of facts can best be described in the words of the late Justice Cardozo in Beatty v. Guggenheim Exploration Co. et al., 225 N. Y. 380, 122 N. E. 378, 381: "A court of equity in decreeing a constructive trust is bound by no unyielding formula. The equity of the transaction must shape the measure of relief."

A similar contention was made in Prondzinski v. Garbut, 10 N. D. 300, 86 N. W. 969, 972 : "In the case at bar the plaintiff never elected to ratify the sale made by the defendant to his brother, and to take the proceeds of such sale. On the contrary, he elected to have his land restored, and, as we have seen, brought an action to enforce that right; but, because the defendant had put it out of his power to reconvey, he was defeated. Does the fact that he failed to get his land compel him to accept the proceeds of the sale? Certainly not. His legal right to have his land restored has not been destroyed or lost; neither has his election to have it restored been annulled by any election to take the proceeds of the sale. And in this action he is simply attempting to recover his damages arising from defendant's breach of duty in failing to restore it to him. That duty arose at the time he took out the sheriff's deed, viz. January 5, 1895; and

the trial court, in estimating plaintiff's damages, properly added interest to the value of the land as of that date, after deducting the amount due on the sheriff's certificate. A wrongful diversion of trust property by a trustee is analogous to a conversion of personal property, and is attended by a similar liability to respond for its value, with interest."

In our judgment, the decree responds to the theory on which the cause was pleaded and tried, and accurately reflects the equities of the situation as found by the learned trial court.

The judgment and order are affirmed.

All the Judges concur.