FRANCES L. COCHRAN,

*vs.*

DR. JAMES COUPER, Administrator of DR. THOMAS EVANS, deceased.

*New Castle, Feb. T.* 1837.

A final decree, entered upon the record and signed by the Chancellor, dismissing the bill, and not directed to be without prejudice, is a bar to another bill filed between the same parties for the same subject matter.

Practice as to rehearings and bills of review.

The complainant, a married woman, had filed a previous bill in equity for arrearages of an annuity, claiming to recover *sui juris* on the ground of a divorce. The bill was dismissed for want of proof of the divorce. *Held*, that the decree. not being directed to be without prejudice, was a bar to the present bill filed against the same defendant for the same subject matter.

BILL IN EQUITY FOR ARREARAGES OF AN ANNUITY.—The complainant was entitled, under the will of her first husband, Dr. Thomas Evans, deceased, to an annuity of £24. Evans died in the year 1796. Letters testamentary on his estate were granted to his executors, who passed sundry testamentary accounts and died. Dr. James Couper then became administrator d. b. n., c. t. a. He passed an account in 1812, showing a balance of $456.03, to be disposed of according to the will of the testator. The complainant intermarried with Joseph W. Cochran, from whom she was divorced by an Act of the General Assembly. A bill in equity between the same parties was filed in this Court, at the February Term 1831, setting forth the above facts, and praying a decree against the defendant, as administrator d. b. n., c. t. a. of Thomas Evans, deceased, for the payment of certain alleged arrears of the said annuity; the

complainant, though a married woman, seeking to recover *sui juris* on the ground of the divorce. Upon answer filed and issues joined the cause came before the Chancellor for hearing at the February Term, 1833, and on the 4th of May, 1833, a decree was entered upon the record and signed by the Chancellor, dismissing the bill " because of the want of proof of a material allegation, to wit, the divorce of the complainant." Thereupon, an appeal was taken to the Court of Errors and Appeals, which affirmed the decree of the Chancellor.

The present is a bill between the same parties, setting forth substantially the same state of facts and praying similar relief.

The answer of the defendant alleged that the assets collected by the defendant, as administrator d. b. n., c. t. a. of Dr. Thomas Evans, deceased, were paid to other demands, and that nothing was applicable to the complainant's annuity. The defendant also set up, as a bar to this suit, the former bill of the complainant and the decree made thereon, as being final and conclusive of the subject matter.

The cause came before the Chancellor, at the February Term, 1837, for a hearing upon the bill, answer and exhibits.

*J. Wales*, for the complainant.

The dismissal of a bill in equity does not always operate as a bar to another proceeding for the same subject matter. To have this effect there must have been a hearing upon full proofs and exhibits. Such was not the case here. *Mitford's Eq. Pl.* 89: *Chanc. Cas.* 241. In 1 *Atk. R.* 571, a bill dismissed for want of prosecution was held to be no bar. In 2 *Atk. R.* 44, a bill by a person not having the right to sue was dismissed. Afterward he acquired the right, and the former proceedings were held to be no bar.

It is not unfrequent, where there is a proper case for it, that a bill is dismissed without prejudice. If, in point of fact, the case were one in which, under the circumstances, the proceedings ought not to be a bar, the omission of the formal words in the decree should not preclude a party of his right. It is a subject within the sound discretion of the Chancellor. That the present case is one of that class appears from the ground of the dismissal of the former bill, as set forth on the face of the decree. The ground was a failure in the proof of the divorce of the complainant—a ground not going to the merits of the claim, but only affecting the character in which the party sued. Such a case is within the principle of the decision in 2 *Atkins*.

*W. H. Rogers*, for the defendant, relied upon what he insisted to be a settled rule of practice, not to be drawn into question, that a dismissal on hearing, and not in terms directed to be without prejudice, is a bar. *Coop. Eq. Pl.* 270.

JOHNS, JR., CHANCELLOR.—The preliminary question presented in this suit, if in favor of the defendant, must necessarily decide the case. It relates to the effect and operation of the former decree, which is relied on by the defendant in his answer as conclusive. It is admitted that the bill filed in this cause is between the same parties and for the same matter in regard to which the former decree was made. The complainant insists that the decree heretofore entered and signed should be considered as made without prejudice, and ought not to be allowed such an effect as to preclude him from proceeding by an original bill. In support of this opinion it is insisted that matter apparent on the face of the decree shows it was not a decision upon the merits; and, therefore, it ought not to be a bar. If this be the rule of practice in a court of equity, then in all cases in which the complainant fails,

either for want of due or sufficient proof or by the mismanagement of his cause, and a decree is had against him, it would require the court again to reinstate him ; and, on an original bill, to make a decree which might be directly opposed to the one already pronounced, entered, signed, and existing in full force, and which the Chancellor has no authority to expunge. This would present the singular inconsistency of opposite and contradictory decrees on the docket of the court between the same parties in the same cause. To avoid such consequences the rule of practice has been established, that when a decree has been obtained, and the same is enrolled, the cause cannot be reheard upon petition ; and the party aggrieved can, in no case—not even where the decree was on a bill taken *pro confesso ; Ogilvie v. Herne,* 13 *Ves. Jr. R.* 564 ; or requires explanation ; *Head v. Hamsley,* 1 *Ch. Ca.* 44—set aside the decree or obtain relief against it by original bill, or collaterally, as by another bill for the same cause; *Earl of Darlington v. Pultney,* 3 *Ves. Jr. R.* 386 ; for then, as is stated in the case of *Ogilvie v. Herne,* 13 *Ves. Jr. R.* 564, the decrees of the court would be contradictory, which would breed the utmost confusion. The only remedy, therefore, in such case is by a bill to set aside the decree for fraud ; 3 *Atk. R.* 811 ; or a bill of review, which lies against those who were parties to the original bill and against them only ; 3 *Ch. Reps.* 94 ; and must be either for error apparent on the face of the decree or upon some new matter, as a release, receipt &c. proved to have been discovered since ; for, unless the relief were confined to such new matter, it might be made use of for a vexatious purpose, to be oppressive to the other side, and so the cause would never be at rest. 2 *Madd. Ch. Pr.* 537. Hence, the general rule is that a final decree enrolled, or, according to our course of practice in Delaware, entered and signed, can only be affected by appeal or bill of revivor. If the decree has been entered but not signed by the Chancellor, then it

may be reconsidered on petition to rehear, or on a supplemental bill in the nature of a bill of revivor. If no proceeding has been taken to affect the decree in the manner prescribed by this long-established rule of practice, then, should the complainant against whom the decree has been made attempt to bring the same parties and the same subject matter before the Court, the defendant may plead the former decree, setting forth so much of the former bill and answer as to show that the same point was then in issue. *Child v. Gibson,* 2 *Atk. R.* 603.

This rule of practice, as I have stated it, has been too long established to allow either its propriety or utility to be now questioned. It affords ample means of relief in all cases in which parties injured by decrees are attentive to their rights and avail themselves of the appropriate remedy.

If, then, the decree pronounced heretofore and relied on by defendant in his answer is final and has been entered and signed, it is conclusive unless embraced within the exceptions to the general rule. As I have already observed, the complainant insists that it comes within the reason of the exception, and is the same as a decree dismissing a bill without prejudice. We will therefore advert to the decree, and consider the reason why a party whose bill is dismissed, without prejudice, is allowed to file a new bill. It does appear to me that there is a very material and essential difference between a decree which declares that its effect shall not prejudice and one which, omitting such declaration as to its effect and operation, expresses in terms the reason why it is pronounced. If this statement of the distinction does not render the difference apparent I cannot then discover any sound reason why in all cases, where the complainant fails for want of proof he should not be allowed to file a new bill. The statement of the fact in the decree as a reason for dismissing the bill cannot alter the right, if for failure on such ground the complain-

ant would not be entitled to file a new or original bill. And it must necessarily lead to the recognition of the right of a complainant to renew his proceedings until he corrects every possible error he might commit, although he has had a hearing of his cause.

The reason of the rule allowing a party whose bill is dismissed without prejudice to file a new bill is manifest. By the terms of the decree the right is preserved. The words "without prejudice" have reference to the effect and operation of the decree itself. Decrees in this form are not allowed unless in cases where, from peculiar circumstances, they become essential to afford the party the opportunity of having his cause fairly heard. They are not countenanced where the party has either had a hearing, or by his own negligence fails to present his cause at the hearing fully before the courts, either in the statement or proof of his claim. In all cases, so far as I have examined the decisions, if the complainant, either at law or in equity, submits his cause to the decision of a competent tribunal, and has once obtained that decision, he cannot again present the same case to the same tribunal, unless by application for a new trial at law, or, in equity, by petition for rehearing or bill of review. The only exception at law is in the action of ejectment; and this is founded on a fiction.

In the decree now relied on as a bar to the relief sought by the complainant, it is declared that the bill was dismissed because the complainant failed to prove a material fact, viz: the divorce. This phraseology shows that the cause was heard, and that the complainant failed because he did not establish the case stated in his bill. The decree, therefore, is a decree on hearing of the cause; and I cannot discover upon what principle it can be regarded in any other light than as a final decree. It has been certainly so considered by the complainant, and has been

appealed from, heard and affirmed in the Court of Errors and Appeals. The party waived his right to bring the matter before the court that pronounced the decree, either for a rehearing or a review, and elected to take the case before an appellate court. The affirmance by the appellate tribunal has certainly not impaired the force and effect of the original decree, although it may have abrogated remedies which would otherwise have afforded the party relief, if he was entitled to it; for, on a rehearing additional evidence may be adduced, if the circumstances of the case sanction it. That the appropriate remedy has not been adopted cannot justify this court in establishing a precedent which would unsettle and derange the order and long recognized practice in Chancery. The rule upon this point of practice is the law of the court, and I know of no authority appertaining to the court which would sanction me either in annulling the rule or dispensing with its full operation. Entertaining the opinion I have expressed on this first point, it is not necessary for me to consider the other matters of defense. The bill must be dismissed.