DUNCAN H. SILL,

*vs.*

KENTUCKY COAL AND TIMBER DEVELOPMENT COMPANY.

*New Castle, Jan. 25, 1916.*

The decision of a judicial tribunal having jurisdiction of the cause and of the parties is, in every other court everywhere, a complete and absolute defense in bar to another proceeding for the same cause of action.

A judgment in another state for the same cause of action may be pleaded in bar, and a final decree in Chancery has the same force and effect respecting another bill filed by the same complainant against the same defendant for the same subject-matter.

The bar of *res judicata* is more properly set up by plea than by answer, since, if set up by answer, it must be proved, while if by plea, it is taken as true, if a replication thereto is not filed within thirty days, under Rule 31, of the Court of Chancery.

In establishing *res judicata*, the identity of the two causes must be alleged and proved, or admitted, and of this the record of the prior cause is the most satisfactory evidence, since it shows the final decree.

Where a prior judgment is pleaded in the answer, it is of no avail at a hearing on a motion to dismiss the bill, and cannot be established until the trial.

In a suit for a receiver based on insolvency, appealing to the discretionary power, it does not necessarily follow that an order refusing the appointment in one court on one state of facts will bar the appointment under other facts in another court, since the circumstances must be alike to make the prior adjudication controlling.

Insolvency may mean inability to pay debts as they fall due in the ordinary course of business, or a deficiency of assets over liabilities, and neither definition is to be adopted to the exclusion of the other; but the discretion to appoint a receiver may be invoked when need of judicial action to protect interests of all concerned appears.

Insolvency is sufficiently alleged in a bill which states that a corporation is unable to pay its debts as they mature, though other allegations should be included to invoke discretionary action.

Mismanagement of corporate affairs is not a necessary element of a bill for the appointment of a receiver for the corporation.

To entitle an interested party to the appointment of a receiver for an alleged insolvent corporation, it is not necessary that the complainant be a judgment creditor.

MOTION TO DISMISS THE BILL OF COMPLAINT. The bill was filed May 27, 1915, by Sill, alleging himself to be a creditor of the company based on a promissory note made by it, but not then due, and also a stockholder of the company, the object of the bill being the appointment of a receiver based on insolvency. By the bill it was alleged that the company owned 35,000 acres of undeveloped timber and coal land in Kentucky worth $2,000,-000, and $3,500,000 when developed, and owns all the capital stock of another corporation which owned rights to other large tracts of land in Kentucky; that the defendant company had issued and outstanding bonds to the aggregate amount of $1,000,000 secured by a mortgage on all its property; that it owed the Royal Bank of Canada $880,000, payable in a large part on demand, and owed other persons about $75,000; and that the said bank holds as security all the bonds issued by the company, and no interest had been paid to the bank. Further, that the bank had given notice that on and after June 1, 1915, it would take legal proceedings to collect the debt due it; and that an agreement having been made by the defendant company with the W. H. Dawkins Lumber Company, whereby the latter agreed to build a railroad into the property of the defendant company before June 1, 1915, the bank agreed to wait until that time; but that the Dawkins Company had failed to build the railroad, and therefore, the bank was at liberty to proceed. These allegations were admitted by the original answer of the defendant company filed July 12, 1915.

It was further alleged in the bill that the defendant company was insolvent, in that it was unable in the due course of its business to meet its debts and obligations as they mature, and unable to pay its debts, and had no money or liquid assets, or other property, than that mentioned above. And further, that proceedings by the bank to collect its debt would wipe out

the assets of the company and destroy their value, whereas, if a receiver be appointed to hold the assets until an opportunity be given to arrange a sale thereof, the value of the assets could be realized approximately, and after paying all the debts a substantial sum would be left for the stockholders.

The prayers were for the appointment of a receiver and for a preliminary injunction to prevent the officers of the company from disposing of the assets until the decision of the cause.

By its answer the defendant company denied insolvency and asserted that the officers of the company could manage the assets as well as a receiver, and also denied that legal proceedings by the bank were imminent.

By an amended answer filed December 1, 1915, the defendant company alleged that the bank had agreed to extend payment to March 1, 1916; that negotiations were pending with the Dawkins Company to complete the railroad; and again denied insolvency, because the value of its property was in excess of its indebtedness. For a further and separate defense, the amended answer avers that a bill "identical in all essential respects" with the bill here filed had been filed in the District Court of the United States for the Eastern District of Kentucky, and that after argument a motion by the defendant company to dismiss that bill was granted on October 25, 1915, by the federal court, and that the entire question was *res judicata*. It appeared from a copy of the opinion of the court, made part of the answer, that the cause was between the same parties as those in the case here; but neither the bill in the federal court, nor the decree made pursuant to the opinion, were set out in the bill filed here.

Before filing the amended answer the defendant company moved to dismiss the bill: (1) Because it did not show such insolvency as would call for the appointment of a receiver; (2) because mismanagement was not alleged and no good purpose shown for a receiver; and (3) because the complainant was not a judgment creditor and is not entitled to ask for a receiver.

*Christopher L. Ward,* for the complainant.

*Harry Emmons,* and with him *Henry M. Earle,* of New York City, for the defendant.

THE CHANCELLOR. Two defenses are made to the bill, one by the motion to dismiss the bill and the other by the allegations in the amended answer which constituted a defense of *res judicata.* A defense of *res judicata* if it be properly pleaded and established is a bar to the suit. The decision of a judicial tribunal having judisdiction of the cause and the parties is in every other court everywhere a complete and absolute defense in bar to another proceeding for the same cause of action. *Capelle, et al., v. Baker's Ex'r,* 3 *Houst.* 344, 358. A judgment in another state for the same cause of action may be pleaded in bar. *Howard v. W. & S. R. R. Co.,* 2 *Har.* 471. And a final decree in Chancery has the same force and effect respecting another bill filed by the same complainant against the same defendant for the same subject-matter. *Cochran v. Couper, Admr.,* 2 *Del. Ch.* 27; *Hopkins v. Lee,* 6 *Wheat.* 109.

This defense is more properly set up by a plea, than by an answer, though it may be used in either way. 1 *Whitehouse Equity Practice, pp.* 431, 451. The advantage of a plea is avoidance of discovery. If it be inserted in the answer, the defendant gets the benefit of it at the hearing, and in *Cochran v. Couper, supra,* it was so set up. But like every other defense it must be proved, and if it be set up by answer it cannot be proved until the hearing; while if it be set up by plea, then by the rules of this court it is taken to be true unless within thirty days a replication thereto be not filed, and it stands for argument upon the question of its sufficiency in law. *See Rule* 31 *of Court of Chancery.* So, too, the identity of the two causes must be alleged and, if not admitted, proved, and a copy of the record of the prior cause is the most satisfactory evidence for it shows not only an opinion of the court, but a final decree or order of the other tribunal. *Story's Equity Pleading,* 790; *Bank v. Beverly, et al.,* 1 *How.* 134.

In this case the defense of *res judicata* is set up in the answer, and though called a separate defense is not in fact a

plea and does not have the requiremnts of a plea according to the rules of this court.   It cannot, therefore be considered at this time as a defense for reasons above stated, and if the defense is set up by the plea it should conform to the requirements of all pleas, and particularly to that kind of a plea.   It may be questionable whether it is a good defense in this suit.   The suit is for a receiver based on insolvency, by appealing to a discretionary power given to the court, and it does not necessarily follow that the prior refusal of another court to appoint the receiver based on certain allegations and a certain state of facts would preclude this court under other facts from granting the relief.   The circumstances of the two cases must be alike in order that the former adjudication should control, or even influence, the later suit.    At any rate the defense of *res judicata* is not now available to the defendant in this cause, because of the manner of setting it up.

The motion to dismiss the bill, which necessarily is based on the allegations thereof and assumes them to be true, raises the question whether an allegation in substance that the defendant company is insolvent, in that it is unable to pay its debts in the usual course of business, is sufficient to entitle the Chancellor to appoint a receiver for the company to wind up its affairs.   There seems to be no statutory definition of the term "insolvency," even in the statute which enables a person imprisoned for a debt, or for nonperformance of a decree of the Chancellor, for the payment of money to obtain a discharge based on his insolvency.   See *Revised Code, c.* 121.   This question has not been definitely determined, so far as I can learn from counsel, or otherwise, by any decision in this State. There have been cases in this court in which receivers have been appointed for corporations where by the allegations of the bill insolvency consisted in substance of an inability of the corporation to pay its debts as they mature.   In the absence of objection, this may have been done.   Whether or not it is a good practice does not affect a determination of the motion under consideration.

While the jurisdictional allegations of a bill for a receiver of a corporation on the ground of its insolvency are few and

simple, consisting of averments that the defendant is a corporation of the State of Delaware, is insolvent and is not a corporation for public improvement, still a bill which only contains such bald averments, though not perhaps demurrable, would not show grounds for the exercise of judicial discretion. The bill should show facts upon which it exercises its discretion. A bill in equity is something more than a pleading.

There are two definitions of insolvency, one based on an inability to pay debts as they become due in the usual course of business, and the other on a deficiency of assets over liabilities. Numerous decisions and text-books have been cited as sustaining each of the definitions. But neither one is to be adopted to the entire exclusion of the other, for the needs of corporations and their stockholders and creditors, based on the financial and commercial circumstances and conditions of the corporations, and the character of their business vary so widely that no rule is universally applicable. The same rule is not fairly applicable to a bank, a railroad, a retail store and a manufacturing plant; nor to a corporation which has come to a standstill and one which is active, though financially embarrassed. No better statement has come to my attention than that of Judge Goff in the case of *McGeorge, et al., v. Big Stone Gap Improvement Co.,* (*C. C.*) 57 *Fed.* 262, 270, as follows:

"The appointment of a receiver—always in the discretion of the court—will not be made if it is for the best interest of those concerned that the property in controversy should remain in the hands and under the control of the owners thereof. This discretion of the court should be a reasonable one, governed to a great extent by the facts as they are presented in each particular case, as no rule generally applicable has been or can be established. Nor will this discretion be controlled by the technical legal rights of the parties, but all the equities of the entire case will be considered. The power of appointment is extraordinary in its nature and far reaching in its effects, and will be resorted to with the utmost caution, and only under such circumstances as demand summary relief."

Insolvency in a general sense means deficiency of assets over liabilities, but as used in bankruptcy and insolvent laws, particularly those relating to the appointment of a receiver for corporations to wind up its affairs, insolvency means an

inability to pay debts as they mature. 5 *Thompson on Corporations*, § 6126.

It is noteworthy that insolvency under the *Bankruptcy Act of* 1867 (14 *Stat.* 517, *c.* 176) was defined to mean an inability to pay debts as they become due in the ordinary course of business. *Dutcher v. Wright*, 94 *U. S.* 553, 557. By the present law it is specifically defined otherwise. As applied to mercantile, strictly trading and banking corporations, this is undoubtedly the correct definiton of insolvency, for with respect to such kinds of business there is such a failure as indicates the need of judicial action to protect the interests of all concerned. See *Cincinnati Equipment Co. v. Degnan*, 184 *Fed.* 834, 840, 107 *C. C. A.* 158. See also *Words and Phrases*, 3651, and citations of thirty-seven cases as applicable to trading corporations. This includes all kinds of business, for trade includes all occupations carried on for profit "not in the liberal arts or learned professions." Judge Story in *The Nymph*, 18 *Fed. Cas.* 506.

As indicating a general theory for the exercise of judicial discretion, the following statement in *Jones on Insolvent and Failing Corporations*, § 9, seems apt and useful:

"When it becomes merely 'a nominal inert body,' it may generally be considered an insolvent corporation. In other words, when a corporation's assets are insufficient for the payment of its debts, and it has ceased to do business, or has taken, or is in the act of taking a step, which will practically incapacitate it for conducting the corporate enterprise with reasonable success, or its embarrassments are such that early suspension and failure must necessarily ensue, then such corporation must be pronounced insolvent."

The following statement, though narrower than that of Judge Goff, is probably more serviceable as a test of discretionary power:

"So long as there is a reasonable prospect of success and a corporation is able to to respond to the lawful demands of creditors, it should not be pronounced insolvent." *Banta v. Hubbell*, 167 *Mo. App.* 38, 150 *S. W.* 1089.

Consideration has been given to the question of the sufficiency of this particular allegation in the bill, because for the first time it has been discussed fully by counsel and an interpretation given of the meaning of "insolvency" in the Delaware statute. The learned judge of the federal court in the other cause did not rest his decision on the insufficiency of the allegation, but on other matters affecting his discretion. In any event, however, even if bound to follow his decision, this court may disagree as to the reasons assigned therefor.

My conclusions are, therefore, that the defense of *res judicata*, being set up in the answer and not by a plea, is not available as a ground for a motion to dismiss the bill; that insolvency of the defendant company in a bill by a creditor and stockholder for the appointment of a receiver to wind up the affairs of the defendant company is sufficiently alleged if it be averred that the company was unable to meet its debts and obligations as they mature; but that bills of that character should contain other allegations in order to move the court to exercise its discretion respecting the appointment of a receiver of the defendant company.

The other grounds of the motion to dismiss the bill may be disposed of by stating that mismanagement of its affairs is not a necessary element of a bill for the appointment of a receiver of a corporation, and that it is not necessary that the complainant be a judgment creditor.

The motion to dismiss the bill will at this time be denied. If at the final hearing, after proofs taken, it appears that the same cause has been previously decided by the other other court, then by now withholding a further expression of opinion this court will not have disregarded the decision of the court. This course is not injurious to the complainant, who cannot now obtain the relief sought, and the defendant cannot complain if he has brought forward a defense which he cannot make immediately available.

Let an order be entered accordingly.