## ADLER v. CAMPECHE LAGUNA CORPORATION.

(District Court, D. Delaware. May 2, 1919.)

No. 368.

1. COURTS ☞371(1)—JURISDICTION OF FEDERAL COURTS—APPOINTMENT OF RE-CEIVER UNDER STATE STATUTE.

A federal court in the state of incorporation has jurisdiction of a suit for the appointment of a receiver for a corporation under a state statute, where there is the requisite diversity of citizenship and the requisite amount is involved.

2. COURTS ☞347—EQUITY RULES—SUIT BY STOCKHOLDER.

Equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv), relating to suits by stockholders against the corporation and others, founded on rights which may properly be asserted by the corporation, does not apply to a suit by a stockholder against the corporation alone, for appointment of a receiver under a state statute, because of insolvency, and such a bill is not defective for noncompliance therewith.

3. CORPORATIONS ☞553(3)—RECEIVERS—GROUNDS FOR APPOINTMENT—INSOL-VENCY.

Independent of statutory authority, insolvency alone is not a sufficient cause for appointment of a receiver for a corporation.

4. CORPORATIONS ☞557(2)—RECEIVER—APPOINTMENT FOR INSOLVENT CORPO-RATION—SUFFICIENCY OF BILL.

Under Rev. Code Del. 1915, §§ 3883, 3884, authorizing the appointment of a receiver for a Delaware corporation on the ground of insolvency at suit of a stockholder or creditor, and vesting such receiver with title to all the corporation's property, of whatever kind and wherever situated, except real estate situate outside the state, it is not essential that the bill for such a receiver should allege that the corporation has assets with-in the state.

5. CORPORATIONS ☞557(2)—RECEIVER—APPOINTMENT FOR INSOLVENT CORPO-RATION—SUFFICIENCY OF BILL.

A bill by a stockholder for the appointment of a receiver for a corpora-tion on the ground of insolvency *held* sufficient, under the Delaware statute.

In Equity. Suit by Francis C. Adler against the Campeche Laguna Corporation. On motion to dismiss the bill. Denied.

MORRIS, District Judge. The plaintiff, Francis C. Adler, a citizen of Pennsylvania, having filed his bill praying for the appointment of a receiver of the defendant, the Campeche Laguna Corporation, a corporation of the state of Delaware, the latter moved to dismiss the bill, under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), on the ground of insufficiency of fact to constitute a valid cause of action in equity, and urges in support of the motion that the bill fails to dis-close (1) compliance with equity rule 27 (198 Fed. xxv, 115 C. C. A. xxv); (2) any property belonging to the defendant of which pos-session could be properly taken by a receiver appointed herein; and (3) facts justifying the exercise of the discretion of the court in favor of the appointment of a receiver.

The bill is founded solely upon paragraph 3883 of the Revised Code of Delaware of 1915. That statute provides:

"Whenever a corporation shall be insolvent, the Chancellor, on the application and for the benefit of any creditor or stockholder thereof, may, at any time, in his discretion, appoint one or more persons to be receivers of and for such corporation to take charge of the estate, effects, business and affairs thereof and to collect the outstanding debts, claims, and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation or otherwise, all claims or suits, to appoint an agent or agents under them, and to do all other acts which might be done by such corporation and may be necessary and proper; the powers of such receivers to be such and continued so long as the Chancellor shall think necessary: Provided, however, that the provisions of this section shall not apply to corporations for public improvement."

The bill alleges that the plaintiff is a stockholder of the defendant corporation; that "the defendant corporation is insolvent in that it is unable to pay its obligations as they fall due, in due course of business"; that it is not a corporation for public improvement; that it is principally a holding company owning stock in other corporations; that the stock so owned is pledged to secure outstanding bonds of the face value of $1,754,750, some of which are overdue, and on all of which interest has been in default since March, 1917, and that the defendant is unable to pay either the principal or interest so due; that the real property of the underlying companies is covered by a mortgage securing bonds on which interest has been in default since October, 1917; that the defendant and one of its subsidiary companies has also mortgaged all their personal property and accounts receivable; and that the security and value of the stock of the plaintiff, as well as of other stockholders, is being depleted and diminished under the present unsuccessful and unsatisfactory condition of defendant's business. The bill also discloses diversity of citizenship of the parties and that the amount involved exceeds the jurisdictional amount.

[1, 2] This suit is cognizable in this court. Jones v. Mutual Fidelity Co. (C. C.) 123 Fed. 506; Land Title & Trust Co. v. Asphalt Co. of America, 127 Fed. 1, 62 C. C. A. 23; McGraw v. Mott, 179 Fed. 646, 103 C. C. A. 204. Is the bill jurisdictionally defective for noncompliance with equity rule 27? It does not show compliance with this rule, and therefore the matter to be determined is whether it is applicable to this case. The rule embraces "every bill brought by one or more stockholders in a corporation against the corporation and other parties, founded on rights which may properly be asserted by the corporation." To come within its scope the bill must not only be brought by a stockholder, but it must be brought "against the corporation and other parties," and must also be "founded on rights which may properly be asserted by the corporation." This bill is brought against the corporation alone and not against "the corporation and other parties," and is not "founded on rights which may properly be asserted by the corporation." Whatever be the rights, if any, of a corporation under the general equity powers of the court to have a receiver appointed for itself upon its own application, such rights are not here involved. This bill seeks a receiver on the ground of insolvency alone.

[3] Independent of statutory authority insolvency alone is not a sufficient cause for the appointment of a receiver. Alderson on Re-

ceivers, § 352; Land Title & Trust Co. v. Asphalt Co. of America, 127 Fed. 1, 18, 62 C. C. A. 23. The Delaware statute enlarges the jurisdiction of the Court of Chancery over the appointment of receivers for corporations to include cases where insolvency is the sole ground for the appointment. It not only creates the right, but designates the persons entitled to the relief. In such instances, only the persons so designated may sue. Fithian v. St. Louis & S. F. Ry. Co. (C. C.) 188 Fed. 842. The corporation is not so designated. The rights asserted by the bill are consequently not rights which may properly be asserted by the corporation. The bill having been brought against the corporation alone, and not being "founded on rights which may properly be asserted by the corporation," it comes within neither the letter nor spirit of equity rule 27, and is not defective for noncompliance therewith. Excelsior Pebble Phosphate Co. v. Brown, 74 Fed. 321, 20 C. C. A. 428.

[4] The defendant's objection that the bill fails "to show any property belonging to defendant of which possession could be properly taken by any receiver appointed herein" seems to be directed to the absence of assets of the defendant company in the state of Delaware. While the point might probably be well taken if the bill had been filed in a jurisdiction other than that of the domicile of the defendant, the presence of assets of the defendant in the state of Delaware is not a prerequisite to the appointment of a receiver therefor in this state. It is not so required by the statute in question. The receiver here appointed supplants its officers in the management of all its business affairs. In Du Pont v. Standard Arms Co., 9 Del. Ch. 315, 320, 81 Atl. 1089, Chancellor Curtis said:

"Being a statutory receiver, the effect of it was to suspend the right and power of its officers to continue the business of the company. The effect of the Delaware statute of 1891 [now section 3883, Rev. Code Del. 1915], enlarging the jurisdiction of the Court of Chancery over the appointment of receivers for corporations to include cases where insolvency is the sole ground for the appointment, is to transfer to the receiver so appointed the functions of the corporation; and the corporation is therefore necessarily deprived of all management of its property and affairs, except, perhaps, the doing of acts necessary to the perpetuation of its corporate existence, such as elections of officers; for by the Delaware act unless limited by the order of the Chancellor, the receiver so appointed, in addition to conserving and collecting the assets of the company, and prosecuting and defending suits, is given in general language power 'to do all other acts which might be done by such corporation and may be necessary and proper.' Chapter 181, vol. 19, Laws of Delaware. This is also the legal consequence of the appointment."

Again, a receiver so appointed has, by virtue of section 3884 of the Revised Code of Delaware of 1915, title to all the property of the corporation wheresoever situate, except real estate situate outside the state of Delaware. That statute, among other things, provides:

"The receiver or receivers appointed by the Chancellor, of and for any corporation created by or existing under the laws of the state of Delaware, and the successor or successors of any such receiver or receivers, shall upon his or their appointment and qualifications, * * * be vested by operation of

law, without any act or deed, with the title of such corporation to all its * * * property, real, personal or mixed of whatsoever nature, kind, class or description, and wheresoever situate, except real estate situate outside the state."

It is therefore not essential for the bill to allege that there are assets of the defendant corporation within the state of Delaware, the state under whose laws it was created.

[5] The remaining point urged by the defendant in support of its motion to dismiss the bill is that sufficient facts to justify the exercise of the discretion of the court in favor of the appointment of a receiver are not alleged, and in support of this contention relies principally upon the case of Sill v. Kentucky Coal & Timber Development Co. (Del. Ch.) 97 Atl. 617, and a case between the same parties in the District Court of the United States for the Eastern District of Kentucky. While the decision in the latter case purports to be based upon section 3883 of the Revised Code of Delaware, above quoted, this statute has no extraterritorial force or effect, and could not be made the basis of relief against a Delaware corporation in any jurisdiction outside the state of Delaware. The Kentucky case cannot have either controlling or persuasive influence upon the decision of this case. In the Delaware case the Chancellor held that insolvency of a defendant Delaware corporation is sufficiently alleged in a bill by a creditor or stockholder for the appointment of a receiver to wind up the affairs of such corporation, if it be averred that the company is unable to meet its debts and obligations as they mature, and added:

"That bills of that character should contain other allegations in order to move the court to exercise its discretion respecting the appointment of a receiver of the defendant company."

But in either aspect the allegations of the present bill are sufficient. Insolvency is properly alleged. Sill v. Kentucky Coal & Timber Development Co. (Del. Ch.) 97 Atl. 617; Whitmer v. William Whitmer & Sons (Del. Ch.) 99 Atl. 428. The bill also contains other allegations which, if true, and for the purpose of this motion must be assumed to be true, are, in the absence of countervailing facts, sufficient to justify the exercise of the court's discretion in favor of the appointment of a receiver.

The motion to dismiss the bill must be denied, and the defendant required to answer within 20 days. Let an order in accordance with this opinion be prepared and submitted.