P. J. Kelly, Complainant and Appellee, v. Louis L. Marks et al., Certain Defendants and Appellants.

Gen. No. 35,992.

Opinion filed June 28, 1932.

ROSENBERG, CORLETT & TOOMIN, for appellants; MILTON M. HERMANN, of counsel.

LORD, LLOYD & BISSELL, for appellee; CUSHMAN B. BISSELL and A. C. WETTERSTORM, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

This is an appeal from an interlocutory order of the circuit court, entered by Judge Finnegan on February 5, 1932, appointing the Cook County Trust Company as receiver of certain improved premises in Chicago in a pending foreclosure proceeding.

Complainant's original bill, verified by an authorized agent, was filed on August 3, 1931. It prayed for the foreclosure of a trust deed conveying the premises to Foreman Trust & Savings Bank, as trustee, dated May 10, 1929, executed by Louis L. Marks and Meyer S. Marks and their respective wives, and given to secure a principal note of $26,000, due on May 15, 1934,

and bearing interest at six per cent per annum, payable semiannually, as evidenced by coupon notes. The bill also prayed for the appointment of a receiver *pendente lite.* It alleged *inter alia* that default had been made in the payment of interest coupon note, No. 4, for $780, due on May 15, 1931, and in the payment of general taxes for the year 1929; that defendants had permitted a mechanic's lien claim for $154.45 to be filed against the premises; that by reason of such defaults and breaches of the terms of the trust deed, complainant, as owner of the indebtedness, on June 26, 1931, elected to declare and did declare the whole indebtedness at once due and payable; and that defendants had executed and delivered two other junior and subordinated trust deeds, conveying the premises as security for two other principal notes, aggregating about $43,000. By the terms of the trust deed sought to be foreclosed the complainant was given the right to declare all of said indebtedness due, without notice, upon defendants' default in the payment of any interest instalment, or upon their failure to pay taxes as the same became due, or if they permitted any mechanic's lien to attach to the premises. Also by the terms of the trust deed defendants assigned the rents and, upon the institution of a foreclosure suit, waived all right to the possession of and income from the premises during the pendency of such suit and until the redemption period had expired, and agreed that a receiver might be appointed as of right to take possession and collect the rents.

On August 10, 1931, before answer filed and upon complainant's motion for the appointment of a receiver *pendente lite,* there was a hearing before Judge Trude, resulting in the court denying the motion. The court's order then entered is as follows:

"On motion of complainant's solicitor, and upon argument of counsel for the appointment of a receiver

upon the allegations of the bill of complaint, and the court having heard argument of counsel for defendants, and counsel for defendants *having alleged* that *the premises herein are valued at $40,000,* it is ordered, adjudged and decreed that complainant's motion for the appointment of a receiver be denied *at this time.*"

On February 1, 1932, after notice and by leave of court, complainant filed certain amendments to his original bill. The additional allegations and the bill as amended are sworn to by the same agent of complainant who had sworn to the original bill. Among the additional allegations are that on and prior to May 1, 1931, complainant was and ever since has been, and is now, the legal holder and owner of said principal promissory note and of all the unpaid interest coupons thereon, viz., Nos. 4 to 10, inclusive; that on June 26, 1931, he recovered a judgment at law in the circuit court against Louis L. and Meyer S. Marks and their respective wives in an action of assumpsit for $28,300.99, which included the principal and interest due on the indebtedness herein involved of $26,953.33, and $1,347.66 attorney's fees, and that the judgment is still in full force and effect; that the premises herein involved were on October 28, 1930, sold for $492.83 for nonpayment of the general taxes for the year 1928; that the taxes assessed against the premises for the year 1929, in the sum of $948.40, are past due and unpaid and penalties have been accruing thereon since May 1, 1931; that on January 23, 1931, the premises were sold for $112.86, for nonpayment of a special assessment; that there are several unsatisfied judgments against one or more of said defendants which are liens upon the premises; that the premises "are scant and insufficient security for the payment of said indebtedness"; that the premises "are not being repaired, but are being allowed to deteriorate rapidly and are in a bad state of repair, and that in order to

preserve said security and keep the premises in good condition it is necessary that a receiver be appointed,'' etc.; that ''the market value of the premises is less than the amount due and owing to complainant''; that their fair, market value ''is less than $20,000''; and that at a foreclosure sale they ''cannot be sold for more than $20,000.'' On the same day (February 1, 1932) complainant, after notice, made a second motion for the appointment of a receiver, basing the motion on the bill as amended, and the motion at defendants' request was continued to February 5, 1932.

In the meantime the defendants (the four Markses), on February 4, 1932, filed their joint and several answer to complainant's bill as amended. It was not sworn to, an answer under oath having been waived in said bill. In the answer defendants neither admitted nor denied the allegations of the bill as amended, but demanded strict proof of the same. And they alleged in substance (as to said interest coupon note for $780, which became due on May 15, 1931) that at said time the premises were being managed by an agent of defendants; that ''through an error'' defendants were not informed of the accrual of said note; that no demand for the payment of the same was made upon them; that complainant, without having made any demand, elected to declare the entire indebtedness due and payable, and caused the judgment against them to be entered by confession in said law court as mentioned in said bill; that defendants were not aware of the accrual of the coupon note or of the entry of said judgment by confession until they were informed of the institution of garnishment proceedings in the suit at law; that immediately upon being so informed, ''they tendered to complainant the interest then due, together with complainant's costs and charges expended, together with a substantial sum in payment of part of the principal secured by said trust deed, but the com-

plainant refused and still does refuse to accept said offer and tender''; that complainant's acts in accelerating the obligation, notwithstanding said offer and tender of defendants, were ''inequitable and unconscionable''; that the premises herein involved were purchased by defendants for $65,000, and ''are worth even under present depressed conditions in excess of $40,000''; and that the same are improved with a business property located at the southwest corner of Roosevelt Road and Paulina street, Chicago, and consist of seven stores and a loft, ''with a monthly rental of *approximately* $350.''

The hearing on complainant's second motion for the appointment of a receiver was had on February 5, 1932, at which time complainant introduced certain oral and documentary evidence. It does not appear that defendants made any attempt by testimony or affidavits to dispute the allegations of complainant's sworn bill as amended or to sustain any of the allegations of their unsworn answer. They, however, made an offer, hereinafter mentioned, relative to the filing of a bond in lieu of the appointment of a receiver. At the conclusion of the hearing the court entered the order now in question, appointing the Cook County Trust Company as receiver, with usual and customary powers. In the first paragraph of the order it is stated:

''It appearing to the court, upon reading the verified amended bill of complaint herein, that a default was made in the payment of the indebtedness secured by the trust deed sought to be foreclosed by the amended bill of complaint and of the covenants of such trust deed, and that, by reason of such default which still continues, complainant has heretofore filed his amended bill of complaint in this court for the purpose of foreclosing said trust deed securing said indebtedness, and that said premises are scant, meager and insufficient security for said indebtedness due to com-

plainant, and *are worth less than the amount due to complainant,* and will not sell in the proceeding for enough to pay the indebtedness due to complainant under the terms of said trust deed, and that said premises were sold for the non-payment of 1928 taxes assessed against them, and were also sold in January, 1931, for the non-payment of a special assessment against such premises, and that the 1929 taxes assessed against the premises are more than seven months past due and unpaid, it is, therefore, ORDERED, ADJUDGED AND DECREED,'' etc.

The certificate of evidence of the proceedings on said hearing was signed by the judge and filed on February 19, 1932. It appears therefrom that complainant's witness, one Litman, testified in substance that he was engaged in the real estate business and for 10 years had been buying and selling properties in the immediate vicinity of the premises; that he was familiar with the present values of properties in that vicinity and with the premises in question and their value; that the gross monthly rentals received from the premises was now about $185; and that the value of the premises at the present time, in his opinion, is ''not in excess of $25,000.'' It does not appear that any testimony to the contrary was introduced by defendants,—their solicitor stating that he ''had no witnesses.'' Thereupon said solicitor objected to the appointment of any receiver, and, upon the court indicating that he would appoint a receiver, said solicitor made statements in part as follows:

''Before a receiver is appointed, I would like to tender a bond of these defendants, with surety to be approved by the court, to cover the rents which otherwise would be collected by the receiver after the deduction of all necessary expenses in the event there is a deficiency in this case. I think we ought to be given an opportunity to do that *under the statute.* . . . The

complainant here has had testimony to the effect that the monthly income is approximately $185. On that valuation, I take it that the yearly income would not exceed $1,700. We are willing to offer a bond in the sum of $2,500 to cover the *net* rents in the event there is a deficiency, which we think will not be the case. As has been stated, we paid $65,000 for this property, and we represented to Judge Trude, and I think we can sustain it, that this property is now worth $45,000, and *on this representation* the motion for the appointment of a receiver was denied last August.''

And thereupon defendants' solicitor offered in evidence a draft of a bond, dated February 5, 1932, not signed by anyone, and not fixing any penalty or naming any surety. The court examined it and admitted it in evidence. The condition of the bond as drafted was in substance that defendants pay to complainant the revenues arising from the premises during defendants' possession thereof in so far as the same should be necessary to pay any deficiency decree less such amounts as defendants might pay for maintenance, repairs, prior liens and fixed charges. Thereupon the court stated that he would appoint the Cook County Trust Co. as receiver with bond of $1,500, and that complainant's bond be fixed at $500, and that he would allow defendants 30 days within which to file a certificate of evidence. And thereupon the order appealed from was entered. Neither in this order nor in any other order in the clerk's transcript does it appear that the court allowed defendants 30 days or any stated time within which to file a certificate of evidence. Defendants presented such certificate to the judge on February 17, 1932, which day while only 12 days after the entry of the order in question (February 5) was not within the term of court at which said order was entered, and on February 19 such certificate was signed by the judge and filed. Defendants perfected

their appeal in apt time in the circuit court by presenting their appeal bond on March 2, 1932, which on that day was approved by the clerk of the court and filed. And on April 5, 1932, and within apt time, defendants filed in this court a transcript of the record, containing such certificate of evidence.

On May 7, 1932, complainant appeared in this court and moved that the certificate of evidence be stricken from the transcript. The motion was accompanied by written suggestions. Subsequently defendants filed counter suggestions and the motion was reserved to the hearing. While some of the questions raised by the motion are not wholly free from doubt we think the motion should be denied and such will be the order. On May 23, 1932, defendants filed a motion, supported by written suggestions, that they be allowed to here file an additional transcript of certain proceedings had in the cause in the circuit court, including an order of that court entered May 20, 1932. Counter suggestions were filed by complainant and the motion was reserved to the hearing. It will now be denied.

It is to be noticed that counsel for defendants do not contend that the facts as alleged in complainant's sworn bill as amended, supplemented by complainant's evidence introduced at the hearing of February 5, 1932, were not sufficient to warrant the appointment of a receiver, but their contentions, here urged as grounds for a reversal of the order in question, are in substance (1) that the entry of the order of August 10, 1931, denying the motion for the receiver based on the original bill, is such an adjudication as bars the granting of the new motion for a receiver, though based upon the allegations of the bill as amended and supplemented by said evidence, and (2) that the court erred in not allowing defendants to give complainant the bond as tendered in lieu of appointing a receiver, as provided by statute. As to counsels' first contention, we

think it wholly lacking in merit. It clearly appears that on the first application the court, in refusing to appoint a receiver, was impressed by the *allegation* of defendants' counsel that the premises had a value of $40,000. On the second application, based upon the bill as amended and complainant's evidence, new facts were presented to the court and it appeared without contradiction that the value of the premises was "not in excess of $25,000," or less than complainant's indebtedness secured by said first mortgage. Furthermore, the order of August 10, 1931, was an interlocutory one (3 Corpus Juris, sec. 412, p. 575) and one that could before final decree be modified or changed as new facts warranted. In *Riggs v. Pursell*, 74 N. Y. 370, 378, 379, it is said: "We do not understand the rules applicable to judgments as estoppels to be applicable to their full extent to orders made on motions. . . . Where additional facts are presented or defects in proof supplied, it is quite usual to grant leave to renew a motion which has been denied or to rehear one which has been granted." In *Sill v. Kentucky Coal & Timber Development Co.*, 11 Del. Ch. 93, 97 Atl. 617, 619, it is said: "The suit is for a receiver based on insolvency, by appealing to a discretionary power given to the court, and it does not necessarily follow that the prior refusal of another court to appoint the receiver, based on certain allegations and a certain state of facts, would preclude this court under other facts from granting the relief."

Counsels' second contention is based upon the first clause of section 2 of an act of our legislature, passed in 1903, and entitled "An act concerning the appointment and discharge of receivers" (Cahill's St. 1931, ch. 22, ¶ 56), which reads as follows (italics ours):

"On an application for the appointment of a receiver, the court or judge *may*, in lieu of appointing a receiver, permit the party in possession to retain such

possession upon giving bond with such penalty and with such security and upon such condition as the court or judge *may* order and approve; . . ."

We think that it clearly appears from the language of this statute that the court is not *required* to accept such bond as may be tendered by a defendant in lieu of appointing a receiver over his property. The court has a discretion in the matter and his decision should not be disturbed except in cases showing a clear abuse of that discretion. And in the present case we fail to see any abuse of the court's discretion. Neither the amount nor the condition of the bond as tendered would afford, in lieu of a receiver, any proper or adequate protection to complainant. And under the allegations of the bill as amended, which were not disputed, complainant was entitled to a receiver not only for the collection of the rentals but for the preservation of the property *pendente lite*.

Our conclusion is that the order appealed from, appointing the Cook County Trust Co. receiver of the premises, should be affirmed and it is so ordered.

*Affirmed.*

KERNER, P. J., and SCANLAN, J., concur.